[Crim. No. 2903.   Second Appellate District, Division Two.—September 19, 1936.]

In the Matter of the Application of ANDREW F. JACOB-SON for a Writ of Habeas Corpus.

Harry F. Sewell for Petitioner.

Burón Fitts, District Attorney, and Harry M. Hunt, Deputy District Attorney, for Respondent.

WOOD, J.—Petitioner was convicted in the City Court of the City of Maywood, County of Los Angeles, of the violation of section 270 of the Penal Code, an offense punishable by imprisonment in the county jail not exceeding two years or by a fine not exceeding $1,000 or both. He was sentenced to be confined 360 days in the county jail and com-

mitted to the custody of the sheriff. Maywood is a city of the sixth class. It has no freeholders' charter and exists under and by virtue of a general law, the Municipal Corporations Act (Stats. 1883, p. 93 as amended). Maywood is located in the township of San Antonio, which has a class A justice's court. ▮ Petitioner contends that the City Court of Maywood had no jurisdiction over the offense of which he was convicted and consequently his confinement by the sheriff is unlawful.

The judicial power of a city court created under the provisions of the Municipal Corporations Act was originally vested in a police court which was given concurrent jurisdiction with the justices' courts in all criminal cases. The legislature in 1933 changed the name of the police court to the "city court" in the following language: "A city court is hereby established in such city, to be held by the city judge of said city. Such city court shall have jurisdiction, concurrently with the justices' court, of actions which might be tried in such justices' court as follows: (a) All civil actions. (b) Criminal actions arising within the corporate limits of such city or town." (Deering's Gen. Laws, 1933 Supp., p. 1974.) Before the year 1929 the jurisdiction of the justices' courts throughout the state was uniform. In that year the legislature amended section 1425 of the Penal Code by providing different criminal jurisdiction for justices' courts in townships having a population of 30,000 or more, and in 1931 the legislature amended section 112 of the Code of Civil Procedure by enlarging the civil jurisdiction of the justices' courts having a population of 30,000 or more. In 1933 the legislature added section 81 to the Code of Civil Procedure by which justices' courts were divided into two classes to be known as class A and class B, the line of demarkation being that class A should consist of courts in those townships having a population of 30,000 or more. The class A courts were given more extensive jurisdiction in both criminal and civil matters. Section 1425 of the Penal Code was so amended that class A justices' courts were given unlimited jurisdiction "in all criminal cases amounting to misdemeanor only, except those of which the juvenile court is given original jurisdiction". Class B courts were given jurisdiction "in all criminal cases amounting to misdemeanor only, punishable

by fine not exceeding one thousand dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment''. With the granting of enlarged jurisdiction to class A justices' courts the legislature increased the qualifications necessary for the office of justice of such courts, and required the justice to be an attorney at law who had practiced his profession at least two years before taking office.

In sentencing petitioner for violation of section 270 of the Penal Code the city court exercised jurisdiction which has been given by the legislature to class A justices' courts and which has been denied to class B justices' courts. The jurisdiction of the two classes of justices' courts has been specifically set forth in the codes. But the city court has been given jurisdiction only by the provision that it is ''concurrently with the justices' courts''. It is contended by petitioner that to justify the imprisonment it must be held that the City Court of Maywood has by reason of its location in a township of more than 30,000 population the jurisdiction which can be exercised by class A justices' courts. It is pointed out that, if this view be sustained, a city court of a city of 3,000 population located in a large and populous township would have greater jurisdiction than a city court of a city of a similar or much larger population located in a township with a total population of less than 30,000. Petitioner contends that if the legislative enactment so provides it is in contravention of the Constitution of California. It is provided in article VI, section 11a of the Constitution: ''The legislature shall determine, according to population, the number and jurisdiction of each of the inferior courts in incorporated cities or towns wherein there is no municipal court, and in townships, counties or cities and counties, and the number of judges or justices thereof and their qualifications and compensation, and shall fix by law the powers, duties and responsibilities of each of such courts and of the judges or justices thereof; and may provide that the jurisdiction of such courts shall be exclusive.'' This section must be read in conjunction with other provisions of the Constitution. Article I, section 11, provides: ''All laws of a general nature shall have a uniform operation.'' It is provided in article I, section 21: '' . . . nor shall any citi-

zen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens.'' The legislature derives its power to create courts from the Constitution, but it may do so only in conformity with the provisions of the Constitution. It doubtless has the right to classify cities according to population, and having made such classification to prescribe different powers and regulations for each of the classes. The powers and regulations must, however, be uniform for each of the classes. (*In re Brady,* 65 Cal. App. 345 [224 Pac. 252]; *Holmes* v. *Railroad Commission,* 197 Cal. 627 [242 Pac. 486]; *Denman* v. *Broderick,* 111 Cal. 96 [43 Pac. 516].) The constitutional provision by which the legislature is given the duty of determining the number and jurisdiction of the inferior courts in incorporated cities ''according to population'' cannot be interpreted to mean according to the population of townships or other territory in which the cities happen to be located. Such an interpretation would result in the legislative enactment being based ''purely upon whimsical or fanciful reasons'', a condition which was condemned in the Brady case, *supra,* as not being in compliance with the constitutional mandate. The justices of class A townships are required to be of legal education and experience, admitted to the practice of law. Judges of city courts may be entirely without legal education or experience.

It has been argued also that the judgment may be upheld on the theory that all of the city courts, regardless of their location, have been given jurisdiction equal to class A justices' courts. Such interpretation of the statutes would result in a violation of the constitutional provisions above quoted. Under this view a city court located in a township having a population of 29,000 would exercise greater jurisdiction than the justice's court located in the same city. Certainly its jurisdiction would not be concurrent with that of the justice's court so located. It is difficult to conclude that the legislature intended to bestow upon a judge of the city court, perhaps a man entirely unversed in the law, the same jurisdiction which it bestowed upon the justices of class A courts, who are required to be officials with definite legal and educational qualifications.

If, indeed, such was the legislative intent, it must be held to be unconstitutional.

The district attorney has cited certain cases in which the courts whose jurisdiction was under discussion were created by freeholders' charters. The decisions in these cases are not determinative of the issue before us since the courts therein referred to were by their charters given specific jurisdiction in accordance with the constitutional provisions for the adoption of freeholders' charters.

The jurisdiction of the City Court of Maywood remained as it had been established by the legislature prior to the year 1929. It follows that the judgment by which the petitioner was ordered confined in the county jail was void and petitioner should be released.

It is ordered that the prisoner be discharged.

Gould, J., *pro tem.*, and Crail, P. J., concurred.