[No. 15632.     Department Two.—December 3, 1894.]

JAMES DARCY, APPELLANT, *v.* THE MAYOR AND COMMON COUNCIL OF SAN JOSE, RESPONDENTS.

CONSTITUTIONAL LAW—POWER OF LEGISLATURE TO CLASSIFY.—The power of the legislature to classify in the enactment of general laws, as distinguished from local and special legislation, must be founded upon differences which are either defined by the constitution, or which are natural, and which will suggest a reason which might rationally be held to justify the diversity in the legislation.

ID.—CLASSIFICATION MUST NOT BE ARBITRARY.—Classification must not be arbitrary, for the mere purpose of classification, or in order that legislation really local or special may seem to be general, but must be for the purpose of meeting different conditions naturally requiring different legislation; and, in a classification for the purpose of a general law, all must be included and made subject to it, and none omitted that stand upon the same footing regarding the subject of legislation.

ID.—CLASSIFICATION OF MUNICIPAL CORPORATIONS.—Under the constitution municipal corporations can only be classified by a general law, or by a law amendatory of such a law, and the law must leave all the municipal corporations classified, and the classification of municipal corporations must not be arbitrary, but the differences must be such as might rationally be deemed to call for, or at least to justify, diversity or organization.

ID.—INVALID CLASSIFICATION—SPECIAL ACT INCREASING SALARIES OF POLICEMEN.—The legislature cannot, by a special act, create a class of cities of a population of between ten thousand and twenty-five thousand inhabitants, for the purpose of increasing the salaries of policemen in a particular city.

ID.—POWER OF MAYOR AND COMMON COUNCIL OF SAN JOSE—CITY POLICE—UNCONSTITUTIONAL ACT.—The mayor and common council of San Jose have full power to create and establish a city police for that city, and to prescribe their duties, compensation, and the terms of their employment; and the act of March 23, 1893, requiring the city council of cities of not less than ten thousand, and not exceeding twenty-five thousand, inhabitants to fix the compensation of the city police, in accordance with that act, is unconstitutional and void.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*H. V. Morehouse, Hiram D. Tuttle,* and *J. E. Richards,* for Appellant.

*William B. Hardy,* for Respondents.

TEMPLE, C.—This is an appeal from a judgment entered upon demurrer to the complaint.

The complaint shows that San Jose is a municipal corporation, whose mayor and common council have full power to create and establish a city police for said city, and prescribe their duties and compensation and the terms of their employment. That, prior to December 1, 1892, said mayor and common council did duly and regularly pass and adopt an ordinance creating a police force, and in December, 1892, appointed plaintiff as a policeman, and fixed his compensation at ninety-five dollars per month, and the term of his employment as one year from the first day of January, 1893.

That in March, 1893, the legislature passed an act requiring the mayor and common council of all cities containing a population of not less than ten thousand, nor more than twenty-five thousand, inhabitants, at its first regular meeting in July of each year, to fix by ordinance the compensation of the policemen of the city at not less than one hundred dollars nor more than one hundred and twenty-five dollars per month. That San Jose had more than ten, and less than twenty-five, thousand inhabitants.

That at the first meeting of the common council in July, 1893, plaintiff demanded from said council that they proceed to fix his salary as required by said act. That the council refused, and still refuse, to fix his salary. That the ordinance fixing compensation was repealed by the act of the legislature alluded to, and there is now no

law or ordinance fixing the compensation which plaintiff is entitled to receive. He asks for a writ of mandate directed to the mayor and common council requiring them to fix his compensation.

The demurrer is upon the ground that the act of the legislature upon which plaintiff relies is unconstitutional and void, because: 1. It contravenes subdivision 29, section 25, article IV of the constitution. It confers special privileges upon policemen, and imposes burdens upon cities arbitrarily selected from those which stand in the same relation to the subject of the law, and the classification contained in the act is not founded upon any constitutional distinction.

2. The act contravenes sections 9 to 12, article XI, and section 32, article IV of the constitution.

The city of San Jose was incorporated by a special act of the legislature March 17, 1874. The act of March 23, 1893, consists of two sections as follows:

SECTION 1. The police officers and captains of police in all cities of this state containing a population of not less than ten thousand, and not exceeding twenty-five thousand, shall receive a salary of not less than one hundred dollars, and not exceeding one hundred and twenty-five dollars per month; and the chief of police in all such cities shall receive a salary of not less than one hundred and twenty-five dollars, and not exceeding one hundred and fifty dollars, per month.

" Sec. 2. The city council of such cities shall, by ordinance, at its first regular meeting in July of each year, fix the compensation of·said chief, captain, and police officers, at a sum not less nor exceeding the amounts herein provided."

It is said by appellant that the legislature may classify municipal corporations (Const., art. XI, sec. 6), and may amend this classification at any time. That a law is general which operates upon all of a class. The manner of the classification is for the legislature. (*People* v. *Henshaw*, 76 Cal. 442.)

By this act the legislature amended the act of 1883

classifying cities, and made a class containing from ten thousand to twenty-five thousand inhabitants. The law applies alike to all within the class; it is, therefore, a general law.

The statute in question says nothing about classifying. Counsel is right, however, as to the construction of the statute. Every special law classifies, unless applied to named individuals, and hence by this logic no limitation is imposed upon the power of the legislature by the numerous constitutional provisions against special and local laws. To illustrate: It is desired to raise the salary of a police officer in San Jose. It cannot be done by a special law saying the salary of James Darcy is hereby raised from seventy-five to one hundred dollars per month, but it can as easily be done by simply designating a class which shall include Darcy, and may not include any one else.

In *Dougherty* v. *Austin*, 94 Cal. 601, it is said: "If there is any one feature of the constitution more marked, any characteristic more pervasive than all others, it is this oft reiterated, this general and specific inhibition of local and special laws." And yet, if they can be thus easily evaded, how ineffectual and farcical they are.

Legislatures and courts are not at liberty to disregard a policy so plainly manifested in the fundamental law. But, while the sovereign will is thus plainly expressed in the fundamental law, the rule must not receive an interpretation too absolute. It will not be presumed that it was intended to deprive the legislature of all power to adapt its laws to the varying conditions of its inhabitants. From necessity it has been held that the legislature may classify in order that it may adapt its legislation to the needs of the people. If this cannot be done laws will not always bear equally upon the people. This classification, however, must be founded upon differences which are either defined by the constitution or natural, and which will suggest a reason which might rationally be held to justify the diversity in the legislation. It must not be arbitrary, for the mere pur-

pose of classification, that legislation really local or special may seem to be general, but for the purpose of meeting different conditions naturally requiring different legislation. (*Dougherty* v. *Austin*, 94 Cal. 601; *City of Pasadena* v. *Stimson*, 91 Cal. 238.)

The rule has been still more strongly expressed in numerous cases in other states. In *Ayar's Appeal*, 122 Pa. St. 266, it is said: " Some of the cases above cited have been quoted at considerable length for the purpose of showing that this court never intended to sanction classification as a pretext for special or local legislation. On the contrary, the underlying principle of all the cases is, that classification, with the view of legislating for either class separately, is essentially unconstitutional , unless a necessity therefor exists—a necessity springing from manifest peculiarities clearly distinguishing those of one class from each of the other classes, and imperatively demanding legislation for each class separately that would be useless and detrimental to the others. Laws enacted in pursuance of such classification and for such purposes are, properly speaking, neither local nor special. They are general laws, because they apply alike to all that are similarly situated as to their peculiar necessities."

In *State* v. *Hammer*, 42 N. J. L. 439, it is said: " But the true principle requires something more than a mere designation by such characteristics as will serve to classify, for the characteristics which thus serve as a basis for classification must be of such a nature as to mark the object so designated as peculiarly requiring exclusive legislation. There must be a substantial distinction, having a reference to the subject matter of the proposed legislation, between the objects or places embraced in such legislation and the objects or places excluded. The marks of distinction on which the classification is founded must be such, in the nature of things, as will in some reasonable degree, at least, account for or justify the restriction of the legislation."

This language has been often cited by other courts as a correct statement of the rule.

In *Lodi* v. *State*, 51 N. J. L. 402, it is said: "The rule is, that in any classification for the purpose of a general law all must be included and made subject to it, and none omitted that stand upon the same footing regarding the subject of legislation. To omit one so circumstanced is as fatal a defect as to include but one of a number."

On the third day of March, 1883, the legislature did, by a general law, as the constitution requires, classify all the cities of the state. The class mentioned by the law in question is not one of those classes. It is a class created by the act itself. I am of the opinion that this cannot be done. Section 6, article XI, was evidently intended to limit, and not to enlarge, the power of the legislature; and I think it was intended that the classification there authorized was to be by a general law in the same sense and in the same way in which it was necessary to provide for the incorporation and organization of cities and towns. Legislation in regard to such corporations would thereafter be made by reference to the classes thus made. The special authority to thus classify cities and towns would also seem to imply that they cannot be otherwise classified for purposes of legislation. If they can be, and new classes created whenever it is desired by any one to procure legislation which shall apply to only a few cities of the class, the limitations of the constitution, so carefully made and so often repeated, can be easily defeated.

I think a law made in conformity with this special permission in the constitution must be a law classifying all cities in the state, or a law amendatory of such a law. It must leave all the municipal corporations classified.

Furthermore, the classification authorized by the constitution must be itself in accordance with the principles above declared. Considerable difference in population may justify diversity in organization, but

the difference must be such as might rationally be deemed to call for, or at least to justify, diversity in organization. Otherwise, the restriction evidently intended by section 6, article XI, of the constitution would be defeated.

If a classification can be arbitrary, such as would not suggest reasonable ground to believe diversity of organization necessary, the whole provision is a deliberate folly. We are not at liberty to attribute such absurdity to the people. On the other hand, a construction should be given to the language which will effectuate the evident intent of the constitution to prohibit special laws upon this subject, and to prevent the legislature from responding to applications from interested parties for laws designed solely to increase their salaries.

Again, in *Dougherty* v. *Austin*, 94 Cal. 601, it is intimated that the classification authorized is only for the purpose of incorporation and organization. This law can hardly be said to be for either purpose.

It is suggested that San Jose, having been incorporated before the present constitution was adopted, is not and cannot be classified by a general law passed for that purpose in pursuance of section 6, article XI. If this be conceded, it would seem to follow that municipalities, incorporated before the present constitution took effect, are not affected by any laws in regard to municipalities which do not apply to all municipalities in the state. Or, if they can be classified for the purpose of legislation, such classification, not being authorized by express provision, must be strictly in accordance with the principles above stated.

The law in question here, if the class specified would include San Jose alone, is a law limiting the discretion of the council of San Jose in regard to the compensation of policemen. There is nothing in the fact that the population is between ten thousand and twenty-five thousand, which suggests a possible reason for excepting such municipalities from the general rule. No

rational ground for the distinction appears.   The classification is, therefore, arbitrary and unauthorized.

So far as the law affects appellant it merely raises his salary from seventy-five dollars per month to one hundred dollars per month.   The fact that this is done by requiring the council to so increase the salary instead of doing it directly does not make any difference. It is certainly void as to appellant.   (Const., art. IV, sec. 25, subd. 29; art. XI, sec. 9.)

I think the judgment should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

DE HAVEN, J., FITZGERALD, J.

MCFARLAND, J., concurring.—I concur in the judgment of affirmance upon the ground that a valid classification can be made only by a general act which classifies all the counties, putting each into a distinctive category; or by an act amending such general act so as either to preserve the original classes or to reconstruct them, in whole or in part, into new and distinctive classifications.