## MADERA SUGAR PINE COMPANY *v.* INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Nos. 235 and 296.   Argued March 7, 1923.—Decided June 4, 1923.

1. A state workmen's compensation act otherwise valid, does not, by requiring that compensation for the accidental death of an employee, irrespective of negligence, be paid to his non-resident alien dependents, deprive the employer of property without due process, in violation of the Fourteenth Amendment.   P. 501.
2. The constitutionality of acts of this kind does not depend upon the compensation's being limited to citizens or residents of the State.   *Id.*

Affirmed.

ERROR to judgments of the Supreme Court of California denying writs to review two awards made by the State Industrial Accident Commission.

*Mr. H. E. Barbour,* for plaintiff in error, submitted. *Mr. William C. Ring* was also on the brief.

*Mr. Adolphus E. Graupner,* with whom *Mr. Warren H. Pillsbury* was on the brief, for defendants in error.

MR. JUSTICE SANFORD delivered the opinion of the Court.

These two cases were heard together.   They involve a single question as to the constitutionality of the Workmen's Compensation Act of California.

This is a compulsory compensation act establishing in all except certain employments, an exclusive system governing compensation for injuries to employees resulting in disability or death.   By its terms liability exists against an employer for the compensation therein pro-

vided, in lieu of any other liability whatsoever to any person, and " without regard to negligence," for any injury sustained by his employees, including aliens, arising out of and in the course of the employment, not caused by their intoxication or intentionally self-inflicted; such compensation being recoverable by the employees, according to a prescribed scale gauged by their previous wages and the extent of their disability, or, if the injuries cause death, by those dependent upon them for support, according to prescribed death benefits gauged by the previous wages and the extent of the dependency of the beneficiaries. Laws, California, 1917, c. 586; amendment, Laws, 1919, c. 471. See *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, 695; and *North Alaska Salmon Co.* v. *Pillsbury,* 174 Cal. 1. Non-resident alien dependents are included within its provisions as to death benefits. See *Western Supply Co.* v. *Pillsbury,* 172 Cal. 407, 416.

In the present cases, two laborers employed by the Madera Sugar Pine Company in California, having sustained, without negligence of the Company, fatal injuries, arising out of and in the course of their employment, their partially dependent mother and sisters, respectively, being aliens residing in Mexico, were awarded by the Industrial Accident Commission, in appropriate proceedings under the act, death benefits against the Company as therein prescribed.

Petitions for writs to review these awards in accordance with the state practice were denied by the Supreme Court of California; and thereupon, on the application of the Company, these writs of error, with supersedeas, were allowed by the Chief Justice of that court. See *Napa Valley Co.* v. *Railroad Commission,* 251 U. S. 366, 372.

The sole contention of the Company here is that the act, as construed and applied in these cases, requiring it to make compensation for the death of employees, occurring without fault, to their non-resident alien dependents,

operates to deprive it of property without due process and in violation of the Fourteenth Amendment.

The argument is, in substance, that while an employer may lawfully be compelled to make compensation to the resident dependents of employees whose death was caused by no legal wrong, on the ground that the State is interested in preventing such dependents from becoming public charges, this justification does not extend to the case of foreign dependents, who would not become public charges of the State; and, therefore, that an act requiring compensation to be made to such foreign dependents in the absence of legal wrong, is not a reasonable exercise of the police power of the State. This argument, however, erroneously assumes that in a compensation act of this character the constitutionality of the provision for death benefits is to be separately determined, independently of the general scope of the act, and solely with reference to the relation of the beneficiaries to the employers and to the State.

Provision is universally made in workmen's compensation acts for compensation not only to disabled employees but to the dependents of those whose injuries are fatal. And the two kinds of payment are " always regarded as component parts of a single scheme of rights and liabilities arising out of " the relation of employer and employee. *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407, 414. The object of such acts " is single—to provide for the liability of an employer to make compensation for injuries received by an employee", whether to the employee himself or to those who suffer pecuniary loss by reason of his death. *Huyett* v. *Pennsylvania Railroad,* 86 N. J. L. 683, 684.

This Court has in several cases sustained the constitutionality of workmen's compensation acts, from which the California Act in its constitutional aspects is not distinguishable, establishing exclusive systems governing the

liabilities of employers in hazardous occupations in respect to compensation for industrial accidents to employees resulting in disability or death, and requiring compensation to be paid to a disabled employee or to his surviving dependents in accordance with prescribed scales gauged upon the previous wage and the extent of the disability or dependency. *New York Central Railroad v. White,* 243 U. S. 188; *Mountain Timber Co. v. Washington,* 243 U. S. 219; *Ward & Gow v. Krinsky,* 259 U. S. 503. And see *Arizona Employers' Liability Cases,* 250 U. S. 400. These acts were sustained, in their entirety, without any separate reference to the status of the dependents—although in the *White Case* the right of a widow to compensation was directly involved—upon the broad ground that the State, by reason of its public interest in the safety and lives of employees engaged in such occupations, may provide, in the just and reasonable exercise of its police power, that the loss of earning power sustained by an employee through an industrial accident resulting in his disability or death, constituting a loss arising out of the business and an expense of its operation, shall, in effect, be charged against the industry after the manner of casualty insurance, and to that end require the employer to make such compensation as may reasonably be prescribed for the loss thus incurred in the common enterprise, irrespective of the question of negligence, to the injured employee or to his surviving dependents. *New York Central Railroad v. White* (pp. 203, 207); *Mountain Timber Co. v. Washington* (p. 243); *Ward & Gow v. Krinsky* (p. 512). That is to say, as shown by these decisions, the compensation to dependents is merely a part of the general scheme of compensation provided by these acts for the loss resulting from the impairment or destruction of the earning power of an employee caused by an industrial accident, which in case of his death is paid to those whom he had supported by his earnings and

who have suffered direct loss through the destruction of his earning power. And it is clear that the underlying reason of these decisions applies alike to all dependents who by his death have been deprived of their support, whether they be residents or non-residents of the State.

If an employment be such as to fall within the State's lawmaking jurisdiction and the legislature determines that the employment of labor therein entails upon the employer certain responsibilities toward the persons performing the labor and those dependent on them, there is no constitutional provision requiring that the benefits of such legislative scheme be limited to citizens or residents of the State. *Western Metal Supply Co.* v. *Pillsbury, supra,* p. 416. Just as accident insurance goes to the beneficiary regardless of his residence, so the *quasi*-insurance of a workmen's compensation act goes to those to whom the employee would naturally have made such insurance payable: to himself, although an alien, if he be disabled; and to those dependent upon his earnings for support, if he be killed. *Derinza's Case,* 229 Mass. 435, 441.

A strong argument in support of the view that as part of a system of compulsory compensation established by a State to protect employees from loss through industrial accidents, the death benefits may properly be extended to alien dependents, is also found, by analogy, in the reasons stated in various decisions holding that employers' liability acts authorizing recovery for the death of employees caused by negligence, inure to the benefit of alien as well as resident beneficiaries. Thus, as the Federal Employers' Liability Act, in order to protect the life of the employee gives compensation to those who had relation to it, it makes no difference where they may reside; it being " the fact of their relation to the life destroyed that is the circumstance to be considered, whether we

consider the injury received by them or the influence of that relation upon the life destroyed." *McGovern* v. *Philadelphia Railway,* 235 U. S. 389, 400. Such employers' liability statutes are designed to benefit all employees. *Vetaloro* v. *Perkins* (C. C.), 101 Fed. 393, 397. They have the interest of the employees in mind and are primarily for the protection of their lives; the action is given to the beneficiaries on their account and they are not intended to be less protected if their beneficiaries happen to live abroad. *Mulhall* v. *Fallon,* 176 Mass. 266, 269. "Many of these toilers in mines, on public works, railroads and the numberless fields of manual labor, receive a moderate wage and are compelled to leave in foreign lands those who are dependent upon them and for whose support they patiently work on, indulging the hope that ultimately they may bring to these shores a mother, or wife and children. . . . The statute not only benefits the survivors, but protects the laboring man . . . The laborer, leaving wife and children behind him and coming here from abroad, has a right to enter into the contract of employment, fully relying upon the statute." *Alfson* v. *Bush Co.,* 182 N. Y. 393, 398, 399; *Kaneko* v. *Atchison Railway* (D. C.), 164 Fed. 263, 266.

For the foregoing reasons we conclude that the Workmen's Compensation Act of California, as it has been construed and applied in these cases, in providing for death benefits to the non-resident alien dependents of employees meeting death as the result of industrial accidents, is not in conflict with the Fourteenth Amendment.

*Affirmed.*