BOSTON & MAINE RAILROAD *v.* ARMBURG.

No. 477. Argued February 24, 25, 1932.—Decided March 14, 1932.

*Mr. Philip N. Jones,* with whom *Mr. Francis P. Garland* was on the brief, for petitioner.

*Mr. Clarence W. Rowley* for respondent.

236

*Messrs. John M. Gibbons, Eugene J. Phillips,* and *Henry Lawlor,* by leave of Court, filed a brief as *amici curiae.*

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on certiorari to review a judgment of the Muncipal Court of Boston, entered on rescript of the Supreme Judicial Court of Massachusetts, holding that the Massachusetts Workmen's Compensation Act does not impose an unconstitutional burden on interstate commerce. 276 Mass. 418; 177 N. E. 665.

The suit was brought by respondent to recover for personal injuries while in the employ of petitioner, an interstate rail carrier, engaged in both intrastate and interstate commerce. At the time of his injury, he was engaged exclusively in intrastate commerce. The Railroad Company interposed as defenses that the injury was due solely to the negligence of a fellow servant and that respondent had assumed the risks of such negligence. Upon the trial by the court without a jury, respondent invoked the provisions of the Massachusetts Workmen's Compensation Act, § 66, c. 152, Mass. General Laws, providing that an employer not electing to comply with that Act by effecting the prescribed insurance for the benefit of his employees, as petitioner had failed to do, may not interpose these defenses in an action brought by an employee to recover for injuries sustained in the course of his employment. Rulings requested by the petitioner that the Act did not apply to petitioner, and if it did, that the provisions invoked, constituted an unconstitutional burden on commerce, were denied. The correctness of these rulings was reviewed and upheld by the Supreme Judicial Court, after which, following the Massachusetts practice, judgment was entered accordingly by the Municipal Court.

It is the contention of the petitioner that the insurance provisions of the Massachusetts Act, if applied to an interstate carrier, impose an unconstitutional burden on interstate commerce, and as § 66, denying to employers certain common law defenses, in effect penalizes failure to comply with the insurance provisions, and is inseparable from them, the constitutionality of the section is conditioned upon that of the insurance requirements and it must be deemed unconstitutional as applied to petitioner. See *Williams* v. *Standard Oil Co.,* 278 U. S. 235; *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1; *Frost Trucking Co.* v. *Railroad Commission,* 271 U. S. 583.

. The Act, in terms, § 1 (4), is made broadly applicable to employees " except masters of and seamen on vessels engaged in interstate or foreign commerce," and the state court held in this case that it is applicable to the employees of interstate carriers engaged in intrastate commerce. But, construing the Act, it ruled that as by implication all statutes of the state are intended to operate only upon a subject within the jurisdiction of the legislature enacting them, this statute is not to be deemed to be applicable to employees whose rights of recovery for injuries in the course of their employment in interstate commerce are governed by the Federal Employers' Liability Act. The court said (pp. 423, 424):

" . . . The act does not require . . . that an employer must insure branches or departments or kinds of business which for any reason are not within the jurisdiction of the General Court and thus necessarily outside the scope of the act. An employer, conducting some business within the jurisdiction of the General Court and other business outside that jurisdiction, may insure under the act with respect to his employees in the part of his business within that jurisdiction and secure

238

with respect to them all the benefits of the act unaffected by the circumstance that he continues to conduct the part of his business outside that jurisdiction without such insurance; and he may continue to conduct this latter part of his business under the principles of legal obligation governing it, free from any effect flowing from insurance under the act as to the other part of his business conducted within the jurisdiction of the General Court."

Thus construed the Act does not on its face impose any burden on interstate commerce.

The enactment of workmen's compensation acts is within the legislative power of the state, *Mountain Timber Co. v. Washington*, 243 U. S. 219, 238, 239; *Madera Sugar Pine Co. v. Industrial Accident Commission*, 262 U. S. 499, 501, 502, which includes the power to do away with the fellow servant and assumption of risk rules. *New York Central R. Co. v. White*, 243 U. S. 188, 200; *Hawkins v. Bleakly*, 243 U. S. 210, 213; *Missouri Pacific Ry. Co. v. Mackey*, 127 U. S. 205; *Minnesota Iron Co. v. Kline*, 199 U. S. 593. The interstate commerce clause did not withdraw from the states the power to legislate with respect to their local concerns, even though such legislation may indirectly and incidentally affect interstate commerce and persons engaged in it. *Sherlock v. Alling*, 93 U. S. 99, 103; *Western Union Telegraph Co. v. Kansas*, 216 U. S. 1, 26; *Interstate Busses Corp. v. Holyoke St. Ry. Co.*, 273 U. S. 45, 52; *Chicago, Milwaukee & St. Paul Ry. Co. v. Solan*, 169 U. S. 133, 137, 138.

Although by the Federal Employers' Liability Act the regulatory power of the national government over interstate commerce has been extended to the employees of interstate rail carriers, it has not excluded the exertion of state power over their employees, while engaged in a service not involving interstate commerce. See *Shanks v. Delaware, Lackawanna & Western R. Co.*, 239 U. S. 556, 558. The liability of the carrier to its employees

when so engaged is controlled by state law, see *Illinois Central R. Co.* v. *Behrens,* 233 U. S. 473; *Wabash R. Co.* v. *Hayes,* 234 U. S. 86, 89, 90; and thus remains within the scope of state legislative power to regulate the relations of master and servant. *Chicago & Eastern Illinois R. Co.* v. *Industrial Commission,* 284 U. S. 296.

But the petitioner insists that the Massachusetts statute does invade the field already occupied by the federal legislation. It is said that the statute, as construed by the state court, applies to all employees in intrastate commerce, while the federal act does extend to and include some employees engaged in intrastate commerce if, at the same moment and in the same service, they are also engaged in interstate commerce. See *Pedersen* v. *Delaware, Lackawanna & Western R. Co.,* 229 U. S. 146; *Erie R. Co.* v. *Winfield,* 244 U. S. 170; *Southern Pacific Co.* v. *Industrial Accident Commission,* 251 U. S. 259.

But there are two answers to this suggestion. First, as was conceded at the trial, the respondent was not engaged in interstate commerce at the time of the accident, and the petitioner cannot object, on the ground advanced, to the application of the Act to his employment. Second, we do not read the opinion of the state court as placing any such construction on the Act. By the language which we have quoted and elsewhere in the opinion, the court states with emphasis that the Act is not to be construed as reaching into any part of the field occupied by federal legislation. Thus construed, it does not purport to extend to employees who, because they are engaged in interstate commerce, are within the federal act, even though at the same time their service is also in intrastate commerce.

Petitioner also urges that as the insurance provisions of the Act, as interpreted by the state court, require the premiums to be based on so much of its payroll as may be allocated to the hours of employment in intrastate

commerce, a burden is imposed on interstate commerce by the difficulty, if not impossibility, of making the allocation. So far as this argument is based on an interpretation of the statute which the state court has rejected, it may be disregarded. The allocation required is only to employment exclusively in intrastate service not embraced in the Federal Employers' Liability Act. The state court thought that possible difficulties in making it could be dealt with administratively by rules framed by the State Insurance Commissioner, acting under authority of the Act. In any case, it is not self-evident that the Act is unworkable, and there is nothing on the record which would enable us to say that such allocation is either impossible or so difficult as necessarily to impose any burden on interstate commerce. See *Interstate Busses Corporation* v. *Holyoke St. Ry. Co., supra,* p. 52.

There are no findings and the petitioner asked no ruling with respect to the point. There is no evidence from which it could be inferred that the allocation could not be made or that insurance could not be effected at a cost bearing a fair relation to the intrastate service to which the Act applies. The burden was on petitioner, who assailed the statute, to establish its unconstitutionality. *O'Gorman & Young, Inc.* v. *Hartford Fire Ins. Co.,* 282 U. S. 251; *Hardware Dealers Mutual Fire Ins. Co.* v. *Glidden Co.,* 284 U. S. 151, 158. For the same reasons we need not discuss like objections based on the Federal Safety Appliances Act. *Affirmed.*