ATLANTIC COAST LINE R. CO. ET AL. *v.* FORD.

No. 194. Argued December 14, 1932.—Decided January 9, 1933.

*Mr. Henry E. Davis,* with whom *Messrs. F. B. Grier* and *Thomas W. Davis* were on the brief, for appellants.

*Mr. W. C. Davis* for appellee.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is an action brought by appellee in a South Carolina state court of first instance against the railroad company and its engineer to recover for injuries said to have been sustained by her as the result of a collision at a public highway crossing between an automobile in which she was riding and a passenger train of the company. The complaint alleges several grounds of negligence, but the only one necessary for our consideration is that appellants negligently failed to give the crossing signals provided for by the state law.

By § 4903, Vol. 3 of the Code of South Carolina (1922), a railroad company is required to place on each locomotive engine a bell of at least thirty pounds weight and a steam or air whistle, and "such bell shall be rung or such whistle sounded by the engineer . . . at the distance of at least five hundred yards from the . . . traveled place, and be kept ringing or whistling until the engine . . . has crossed such highway . . ."

Section 4925 provides:

"*Injuries at Crossings—Penalty and Damages.*—If a person is injured in his person or property by collision with the engines or any car or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this Chapter, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment, as provided in the preceding Section, unless it is shown that in addition to a mere want of ordinary care the person injured, or the person having charge of his person or property, was at the time of the collision guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross [or] wilful negligence or unlawful act contributed to the injury."

Appellants answered the complaint, denying liability and setting up affirmative defenses. The cause was tried before the court and a jury. At the close of the evidence, appellants moved for a directed verdict in their favor upon the ground, among others, that §§ 4903 and 4925 of the code, as they had been construed, constituted a violation of the due process of law and equal protection of law clauses of the Fourteenth Amendment, and an unlawful attempt to regulate interstate commerce. The motion was overruled, and the jury after being instructed returned a verdict in favor of plaintiff,

upon which judgment was duly entered. The state supreme court affirmed the judgment.

The attack upon the statute as contravening the due process clause is based upon the contention, shortly stated, that the state supreme court, by affirming the judgment, in effect construed the statute to mean that failure to give the prescribed signals is negligence *per se* and raises a presumption that such failure is the proximate cause of the collision and warrants recovery by the plaintiff without further proof, *and that such presumption does not vanish from the case upon the introduction of evidence by the railroad company, but remains throughout to be considered by the jury as evidence.* We have italicized the words which are said by appellants to constitute the crux of their contention.

Appellants review many decisions of the state supreme court dealing with the question, which seem not to be altogether in agreement; but it is not necessary to analyze these decisions and from them attempt to extract the rule. The court below has done this and reached a conclusion contrary to that advanced by appellants; and that is enough for the purposes of our decision here. If the assailed provisions as construed and applied in the present case afford due process, appellants cannot complain that in earlier cases they were so construed and applied as to deny due process to other litigants. Compare *Great Northern Ry. Co.* v. *Sunburst Oil & Refining Co., ante,* p. 358; *Patterson* v. *Colorado,* 205 U. S. 454, 460; *Brinkerhoff-Faris Co.* v. *Hill,* 281 U. S. 673, 680; *Dunbar* v. *New York,* 251 U. S. 516, 518–519; *Tidal Oil Co.* v. *Flanagan,* 263 U. S. 444, 452; *Fleming* v. *Fleming,* 264 U. S. 29, 31.

The jury, upon this subject, was instructed as follows: ". . . under that statute, it is incumbent upon the plaintiff here first to prove that the crossing signals were

not given, . . . and then she must prove, and prove both by the preponderance of the evidence as I have already charged you, that that failure to give the signals contributed to the injury of which she is complaining.

. . . . .

" Where the signals are not given as in the manner provided by statute, and an injury occurs at the crossing of railroad and public highway, a presumption would arise that the failure to give the signals is the proximate cause of the injury. But such presumption would be rebuttable by evidence, and the jury should consider any and all evidence that may be in the case in determining the question of proximate cause. . . . the failure to give these signals raises that presumption, but it is rebuttable; it is not a conclusive presumption. That may be rebutted by the defendants by its [their] evidence, and as stated here, all the evidence must be considered in determining the question of proximate cause."

Immediately preceding the charge to the jury, the trial court, ruling upon the motion for a directed verdict, had quoted the words of this court in *Western & Atl. R. Co.* v. *Henderson,* 279 U. S. 639, 643, used in comparing the Georgia statute there under consideration with the Mississippi statute considered in *Mobile, J. & K. C. R. Co.* v. *Turnipseed,* 219 U. S. 35:

" Each of the state enactments raises a presumption from the fact of injury caused by the running of locomotives or cars. The Mississippi statute created merely a temporary inference of fact that vanished upon the introduction of opposing evidence. [citing cases] That of Georgia as construed in this case creates an inference that is given effect of evidence to be weighed against opposing testimony and is to prevail unless such testimony is found by the jury to preponderate."

And the effect of the ruling of the trial court is that the South Carolina statute was comparable with that of Mis-

sissippi and not with that of Georgia. It must be supposed that the court, with this in mind, intended to charge the jury in accordance with the language which it had just quoted. True, the jury was not told in so many words that where countervailing evidence had been put in the presumption comes to an end, but we think this is the fair purport of the language of the court to the effect that appellants may rebut the presumption by their evidence, and that then all the evidence must be considered in determining the question of proximate cause. Certainly, the charge contains no affirmative words directing the jury in that event to consider the presumption as evidence to be weighed with other evidence in the case. Under these circumstances, a request for a more explicit instruction in exact accord with what had just been read as to the Mississippi statute undoubtedly would have been granted; but that request was not made. Instructions are entitled to a reasonable interpretation, and are not generally to be regarded as the subject of error on account of not being sufficiently definite, if omissions complained of are not at the time pointed out by the excepting party. *Castle* v. *Bullard,* 23 How. 172, 189-190; *First Unitarian Society* v. *Faulkner,* 91 U. S. 415, 423; *Tweed's Case,* 16 Wall. 504, 515–516; *Locke* v. *United States,* 2 Cliff. 574, 15 Fed. Cas. 740, 742 (No. 8,442).

A reading of its opinion leaves no doubt that the state supreme court construed the statute as creating a presumption limited by the rule of the *Turnipseed* case, *supra* (at p. 43), and considered the charge of the trial court as in harmony with that view—namely, that the legal effect of the presumption was to cast upon the railroad company the duty of producing some evidence to the contrary, whereupon the inference was at an end, and the question became one for the jury upon all of the evidence. Appellants' contention that the presumption

fell within the principle laid down as to the Georgia statute in the *Henderson* case, *supra,* was rejected, and the court said that no decision brought to its attention sustained "the characterization of the disputable presumption arising under the crossing statute to the effect that it remains 'throughout the entire case' and is to be weighed as opposing evidence in fixing liability."

The Georgia statute involved in the *Henderson* case was of an entirely different character. As construed by the Georgia court, it not only permitted the presumption of negligence to be given the effect of evidence to be weighed against opposing testimony and to prevail unless such testimony was found by the jury to preponderate, but it was fundamentally arbitrary, in that the mere fact of collision between a railway train and a vehicle at a highway grade crossing created a presumption that the accident was caused by the negligence of the company. The mere fact of such a collision, we said, "furnishes no basis for any inference as to whether the accident was caused by negligence of the railway company or of the traveler on the highway or of both or without fault of anyone. Reasoning does not lead from the occurrence back to its cause." Moreover, the presumption was invoked to support *conflicting* allegations of negligence. Our decision in that case appropriately might have been cited here if we were considering a statute construed to mean that mere proof of collision at a crossing creates a presumption that the bell was not rung or the whistle sounded. But the rational connection between the fact proved and the fact inferred is plain enough when the proposition is put conversely, namely, that proof of failure on the part of the railroad to give the statutory signals raises a presumption that such failure is the proximate cause of the injury.*

---

* In addition to the *Turnipseed* case, see *Bailey* v. *Alabama,* 219 U. S. 219, 238; *Luria* v. *United States,* 231 U. S. 9, 25; *Yee Hem* v. *United States,* 268 U. S. 178, 183.

It follows that the statutory presumption as construed by the court below is free from constitutional infirmity under the due process clause.

The objection that because the presumption applies only to railway companies, its effect is to deprive appellants of the equal protection of the laws is clearly untenable. *Atlantic Coast Line* v. *Georgia*, 234 U. S. 280, 289; *Kansas City Southern Ry. Co.* v. *Anderson*, 233 U. S. 325, 330; *Seaboard Air Line* v. *Seegers*, 207 U. S. 73, 76; *Mobile, J. & K. C. R. Co.* v. *Turnipseed, supra; Missouri Pacific Ry. Co.* v. *Mackey*, 127 U. S. 205, 209. There is even less ground for the final contention that the statutory presumption under consideration violates the interstate commerce clause of the federal Constitution. Upon that point we are satisfied with what was said by the court below upon the authority, among other cases, of *Atlantic Coast Line* v. *Georgia, supra*, at p. 290, and *Southern Ry. Co.* v. *King*, 217 U. S. 524, 531–533.

*Judgment affirmed.*