**LYKES BROS. S. S. CO., Inc., v. ESTEVES.**
**No. 8161.**

Circuit Court of Appeals, Fifth Circuit.
April 16, 1937.

Robert Eikel, Jr., of Houston, Tex., for appellant.

Owen D. Barker, of Galveston, Tex., for appellee.

Before FOSTER and SIBLEY, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

Appellee, plaintiff below, was a seaman employed aboard a.vessel operated by appellant. While the vessel was lying alongside a dock at San Juan, Puerto Rico, plaintiff was directed by the first mate to stand on the dock and paint the side of the ship. While carrying out these duties, plaintiff was injured by a heavy stick of lumber which fell from a cargo sling while being hoisted over the side of the ship. Following the holding of this court upon the former appeal herein [Esteves v. Lykes Bros. S. S. Co. (C.C.A.) 74 F.(2d) 364] that the case was ruled by the Workmen's Compensation Law of Puerto Rico (Acts 1928, No. 85), there was a second trial which resulted in a judgment for plaintiff, from which this appeal is prosecuted.

Plaintiff's original petition, filed February 24, 1933, alleged that he was injured on March 4, 1932, and sought recovery under the Merchant Marine Act of 1920, commonly called the Jones Act, § 33 (46 U.S.C. A. § 688), and alternatively under sections 1803, 1804, Civil Code of Puerto Rico, relating to liability for negligence generally.

On September 6, 1933, less than two years after his injury, plaintiff filed a first amended petition substantially identical with the original except that it further charged in the alternative liability under the Workmen's Compensation Act of Puerto Rico (Acts 1928, No. 85, §§ 28, 31 and 32). The cause was first tried on the first amended petition which charged that defendant negligently ordered plaintiff to work in a dangerous place, thereby breaching its duty to provide plaintiff a safe place in which to perform his work. After the former decision of this court, plaintiff filed a second amended petition on August 7, 1935, more than two years after his injury, which was in effect identical with the first amended petition, except that the date of the injury was alleged to be March 1, 1932, instead of March 4, and for the first time it was additionally alleged that the stevedores engaged in discharging the cargo of lumber, who were also employees of the defendant, insecurely fastened the sling load of lumber, thus rendering unsafe the place where plaintiff was directed to work. The second trial was upon this petition. Appellant now asserts that the second amended petition sets up a new cause of action, and since the same was filed more than two years after plaintiff's injury, it is barred by the Texas two-year statute of limitation applicable to such actions. Article 5526, Rev.St.Tex.1925.

The cause of action asserted in the second amended petition is essentially the same as that set up in the two previous petitions, that is, breach of the defendant's duty to furnish its employee a safe place to work. The negligent omission of the stevedores to safely secure the lumber in the sling, first asserted in the second amended petition, is a mere amplification of the acts of negligence, as distinguished from a new cause of action. The first amended petition, filed within two years, asserts liability under the Workmen's Compensation Act for failure to furnish a safe place to work. The second amended petition reaffirms the original cause of action, enlarges the grounds upon which it rests, and corrects the date of the injury. It is not contended that more than one injury is involved. The cause of action alleged in the second amended petition is not "wholly based upon" nor does it "grow out of a new, distinct or different transaction and

occurrence." Article 5539b, Vernon's Ann. Civ.St.Tex. That petition relates back to, and supplements, the original petition. The underlying cause of action being the same, the second amended petition was timely.

Section 31 of the Puerto Rico Workmen's Compensation Statute provides that an action at law may be maintained against an employer who has failed to secure payment of workmen's compensation as prescribed by the act, and that in such actions "it shall be presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof shall rest upon the employer to rebut the presumption of negligence." Conformably thereto, the District Judge charged that "the burden of proof under the statute of Puerto Rico is on the defendant to show that the injury of the plaintiff, if he suffered injury, was not caused by the negligence of the defendant. In other words, that the negligence of the defendant was not the proximate cause of the injury to plaintiff." Appellant urges that this charge was erroneous for two reasons: First, because the above quoted provisions of the Puerto Rican statute are unreasonable, arbitrary, and violate the due process clause of the Fourteenth Amendment; and, second, because determination of where lies the burden of proof is a matter of procedure which should be determined by the lex fori, and not by the lex loci delicti. Apparently the presumption of the Puerto Rican statute does not obtain in Texas where the case was tried.

■ The general rule is that the lex loci delicti determines substantive rights, while the lex fori prevails in matters of remedial procedure. It is a well-established exception, however, that where a substantive right is created by the lex loci delicti and as an integral part of the right a presumption of evidence is also created in aid of the enforcement of the right, such presumption is regarded as a matter of substance and will be given effect in the forum where redress is sought when not in conflict with public policy in that jurisdiction and no practical obstacle appears. This exception applies when, as here, the substantive right so conferred and the presumption created in aid of it are so inseparably bound together that application of the usual procedural rule of the forum would substantially impair the enforcement of the right. Central Vermont Ry. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed.

1433, 1436; New Orleans & N. E. R. R. Co. v. Harris, 247 U.S. 367, 38 S.Ct. 535, 62 L. Ed. 1167, 1171; Precourt v. Driscoll, 85 N. H. 280, 157 A. 525, 78 A.L.R. 874. Cf. Bradford Electric Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696.

■ We are here dealing, not with liability for negligence generally nor with a situation in which recovery depends upon actionable negligence on the part of the defendant, as in Western & Atlantic R. R. v. Henderson, 279 U.S. 639, 49 S.Ct. 445, 73 L. Ed. 884, but with a Workmen's Compensation Statute confined entirely to industrial injuries where the relationship of employer and employee exists, for which type of injury the state in the exercise of its police power may impose absolute liability upon the employer regardless of the existence of actionable negligence. Mountain Timber Co. v. Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685, Ann.Cas.1917D, 642; Madera Sugar Pine Co. v. Industrial Acc. Comm., 262 U.S. 499, 43 S.Ct. 604, 67 L.Ed. 1091; Boston & Maine R. R. v. Arburg, 285 U.S. 234, 52 S.Ct. 336, 76 L.Ed. 729; Fassig v. State, 95 Ohio St. 232, 116 N.E. 104; State ex rel. Dushek v. Watland, 51 N.D. 710, 201 N.W. 680, 39 A.L.R. 1169; Ward & Gow v. Krinsky, 259 U.S. 503, 42 S.Ct. 529, 66 L.Ed. 1033, 28 A.L.R. 1207; 71 C.J. 263, 268; Crowell v. Benson, 285 U.S. 22, 52 S. Ct. 285, 76 L.Ed. 598, sustaining the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

The presumption of which appellant complains is further confined to actions at law which may be brought by the employee only when the "employer shall fail to secure payment of compensation for labor accidents in accordance with this Act," that is by contributing to a workmen's relief fund or insuring in an approved company, or by becoming a certified self insurer. The employer may preclude resort by the employee to such an action by securing accident compensation for its employees in accordance with the act. The presumption is not conclusive of the rights of the parties. It is but prima facie. Conformably to the statute, the trial judge further charged the jury that if they found defendant was not negligent, or that its negligence was not the proximate cause of plaintiff's injury, they should find for the defendant.

The elective Workmen's Compensation Act of Iowa contains provisions essentially the same as those here under considera-

tion. It provides that in an action against an employer who has rejected the compensation features of the act, it shall be presumed that the injury was the direct result of his negligence, and that he must assume the burden of proof to rebut the presumption of negligence. The Iowa act was sustained and held not to deny due process to an employer who rejected the compensation provisions of that act, as appellant has here rejected like provisions of the Puerto Rican Act; objections of the character here urged being held untenable.

In sustaining the Iowa act, the Supreme Court said: " * * * the establishment of presumptions, and of rules respecting the burden of proof, is clearly within the domain of the state governments, and that a provision of this character, not unreasonable in itself, and not conclusive of the rights of the party, does not constitute a denial of due process." Hawkins v. Bleakly, 243 U.S. 210, 37 S.Ct. 255, 257, 61 L. Ed. 678, Ann.Cas.1917D, 637.

When confined to the field within which, and to the facts and relationship upon which it here operates, and being prima facie only and not conclusive of the rights of the parties, the presumption here assailed is not unreasonable, arbitrary, nor a denial of due process, nor is the court's charge erroneous. Hawkins v. Bleakly, supra; Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78, 32 L.R.A. (N.S.) 226, Ann.Cas.1912A, 463; Peters v. California, etc., 116 Cal.App. 143, 2 P.(2d) 439; Hiatt v. St. Louis, etc., Ry. Co., 308 Mo. 77, 271 S.W. 806; Ramey v. Mo. Pac. Ry., 323 Mo. 662, 21 S.W.(2d) 873, certiorari denied 280 U.S. 614, 50 S.Ct. 162, 74 L.Ed. 655. Cf. Bandini Petroleum Co. v. Superior Court, 284 U.S. 8, 52 S.Ct. 103, 76 L.Ed. 136, 78 A.L.R. 826; Atlantic Coast Line R. Co. v. Ford, 287 U.S. 502, 53 S.Ct. 249, 77 L.Ed. 457.

Other assignments have been examined, but no reversible error found. Refusal of defendant's requested charge upon "recklessness" under section 4 of the Puerto Rican Act was not error. Even if that section is applicable in this action, there was no basis in the evidence for a finding that plaintiff's recklessness, if any, was the "sole" cause of his injury. Section 31 of the act excludes the defense of contributory negligence. Nor was there sufficient basis for the requested charge upon "unavoidable accident." The stevedore foreman's statement made immediately after the timber fell on plaintiff was admissible in evidence as res gestae; and there was sufficient evidence to go to the jury on the question of defendant's negligence.

Affirmed.