[Civ. No. 43698: Second Dist., Div. Two. Jan. 14, 1975.]

HAROLD W. NELSON, Plaintiff and Appellant, v.
METALCLAD INSULATION CORPORATION, Defendant and
Respondent.

## COUNSEL

Earl M. Price for Plaintiff and Appellant.

Oshman, Brownfield, Smith & Hobart, Robert R. Smith and Gerald H. B. Kane for Defendant and Respondent.

## OPINION

**ROTH, P. J.**—On March 6, 1969, appellant Nelson was employed within the embrace of section 3600 of the Labor Code[1] by respondent Metalclad Insulation Corporation (Respondent), performing a roofing

---

[1]Code references herein made are to the Labor Code unless otherwise noted.

job in Oxnard under the orders of Respondent's superintendent, Ealic Terry, during the course of which he was hurled to the ground 25 feet below by a gust of wind and suffered crippling injuries.

. On March 18, 1969, appellant filed a claim pursuant to the Workmen's Compensation Act (Act)[2] with Workmen's Compensation Appeals Board (Board) against Respondent, and on August 20, 1971, with the approval of Board, appellant compromised and settled his claim against Respondent for the sum of $23,500, which has been paid.

On March 4, 1970, appellant filed the complaint at bench against Respondent, its superintendent Terry, and others as defendants. The complaint alleged in the second and third causes of action thereof that his injuries were proximately caused as the direct consequence, among other things, of Terry's order to him to work on the roof in a heavy wind without proper scaffolding, and that because of such wilful and reckless conduct he suffered compensatory damages in the sum of $500,000 and is entitled to punitive damages in the sum of $1,000,000.

Respondent alone moved for and obtained a summary judgment. ■ There is no showing, nor is there any contention, that Respondent was not insured as required by the Act, and the facts as already recited show that appellant filed a claim with Board and that the claim has been paid.

Appellant makes two contentions: this action is within the exception provided by section 3600, to wit, section 3706, and that the Act, insofar as it deprives him of an action at law predicated on wilful and reckless conduct, violates the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and is, therefore, unconstitutional.

The thrust of appellant's first contention is although section 3600 of the Act prevents him from bringing an action at law to recover disability payments and medical expenses, Respondent as an employer cannot and did not for public policy reasons insure itself against its own serious and wilful misconduct (Ins. Code, § 11661) and therefore his action is within the exception provided by section 3706. He argues there was in fact no such specific insurance and Respondent is therefore responsible to him in a separate civil action for compensatory and punitive damages. The same point was raised as a question of first impression in *Azevedo* v. *Abel* (1968) 264 Cal.App.2d 451 [70 Cal.Rptr. 710]. *Azevedo* points out that although the Act required Respondent to provide insurance to cover

---

[2]Act includes divisions 4 and 4.5 of Labor Code commencing with section 3201.

"ordinary liability" for disability payments and medical expenses, section 4553 of the Act provides that when it is proved that the injuries of the employee have been incurred as a result of the serious and wilful misconduct of an employer, the award for compensation otherwise recoverable shall be increased by one-half. The court explained that section 11661 of the Insurance Code expresses the public policy of the state and that there is nothing in section 533 of the Insurance Code or 1668 of the Civil Code which prohibits ". . . insurance against the employer's ordinary liability . . . even when occasioned by his willful wrong." (264 Cal.App.2d at p. 458.)

Appellant has made no showing that he had not been paid compensation in accordance with his claim as required to bring him within the exception created by section 3706. The settlement made and approved demonstrates the contrary.

If appellant in his pending complaint can meet the conditions imposed by subsections 1, 2 and 3 of subdivision (a) of section 3601, he may have an action against Terry or if appellant can show independent negligence on the part of other named defendants, nothing in the summary judgment obtained by Respondent precludes appellant from proceeding with his action against them.

■ Appellant's second point is that the Act itself and sections 4650-4663 thereof are in violation of the "due process" and "equal protection of the laws" clauses of the Fourteenth Amendment to the United States Constitution since the Act deprives him of the right "to seek compensation . . ., both compensatory and punitive . . . available to all other persons" by way of a civil action. It serves no purpose to clutter the record with authorities to the contrary.

It is trite and bromidic to reassert that: workmen's compensation laws are of constitutional and statutory origin and have been held to be a valid exercise of police power (§ 3201) by the Supreme Court of this state and other states, as well as by the Supreme Court of the United States. (*Western Indemnity Co.* v. *Pillsbury* (1915) 170 Cal. 686 [151 P. 398]; *Madera Co.* v. *Industrial Comm.* (1923) 262 U.S. 499 [67 L.Ed. 1091, 43 S.Ct. 605].) They do not deprive employer or employee of liberty or any property right or due process of law and/or violate the right of equal protection under the law; they are a definite break with and provide substantially different rights and obligations between employees and employer than those provided by common law except as provided in section 3706; these laws are enacted on the theory that the state has a

compelling governmental interest in providing that an employer or industry should assume liability for industrial injuries and death resulting therefrom; they have been enacted not alone to insure an equitable relationship between employee and employer, but to inspire and foster health, peace, morals and good order in all employer-employee relationships and to promote the general welfare of the people. (Cal.Const., art. XX, §§ 17 1/2 and 21; div. 4 and 4.5, commencing with § 3201 of the Annotated Lab. Code and the cases therein cited.)

The judgment is affirmed.

Compton, J., and Beach, J., concurred.