[Civ. No. 17030. Fourth Dist., Div. Two. Nov. 10, 1976.]

KRIS ELLEN BENJAMIN, Plaintiff and Appellant, v.
LEO RICKS et al., Defendants and Respondents.

## COUNSEL

Zetterberg & Zetterberg, Stephen I. Zetterberg, Charles L. Zetterberg and Dennis G. Martin for Plaintiff and Appellant.

King, Mussell, MacLachlan, Burford & Stanfield and Ronald A. Burford for Defendants and Respondents.

## OPINION

KAUFMAN, J.—Upon trial of a special defense (see Code Civ. Proc., § 597) the trial court held that exclusive jurisdiction of plaintiff's claim was vested in the Workers' Compensation Appeals Board. (See Lab. Code, §§ 3600, 3601.) Plaintiff appeals, contending that the exclusive remedy provision of Labor Code section 3601 is outside the scope of the constitutional authorization for a workers' compensation program and denies plaintiff due process of law and equal protection of laws under the federal and California Constitutions. We have concluded that these contentions are not meritorious and, accordingly, affirm the judgment of the trial court.

### Pertinent Facts

Plaintiff was an employee of defendant Sidney Kellner doing business as George Mathews Great London Circus (hereinafter "employer"). On May 7, 1972, while plaintiff was sleeping on the circus grounds, as she was permitted to do, she was assaulted by Leo A. Ricks, another employee of the circus. Plaintiff instituted this action against employer seeking to recover $750,000 damages for her injuries, including pain and suffering. She alleged that employer was negligent in employing Ricks, in failing to warn plaintiff of Ricks' dangerous propensities and in failing to provide plaintiff a safe place to work. Employer asserted as an affirmative defense that the sole jurisdiction of plaintiff's claims was vested in the Workers' Compensation Appeals Board. This affirmative defense was specially tried first pursuant to Code of Civil Procedure section 597. The trial court found that plaintiff's injury arose out of her employment and that she was in the course and scope of her employment at the time she was injured. Concluding that exclusive jurisdiction of plaintiff's claims was vested in the Workers' Compensation Appeals Board, the trial court gave judgment for employer.

*Discussion and Disposition*

*In Excess of Constitutional Authorization*

■ Plaintiff's contention that the exclusive remedy provision of Labor Code section 3601 is in excess of the authorization for a workers' compensation system found in article XX, section 21 of the California Constitution, is not meritorious. Essentially the same argument was considered and rejected in *Lowman* v. *Stafford,* 226 Cal.App.2d 31, 35-36, 38 [37 Cal.Rptr. 681]. Even if plaintiff's contention were upheld, it would avail her nothing. A statutory plan of workers' compensation, including an exclusive remedy provision, is a valid exercise of the state's police power. (E.g., *Madera Sugar Pine Co.* v. *Industrial Acci. Com.,* 262 U.S. 499, 502 [67 L.Ed. 1091, 1093, 43 S.Ct. 604]; *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, 697-698 [151 P. 398]; *Nelson* v. *Metalclad Insulation Corp.,* 44 Cal.App.3d 474, 477 [118 Cal.Rptr. 725]; *Lowman* v. *Stafford, supra,* 226 Cal.App.2d at p. 36.)

*Equal Protection of Laws*

■ Noting that if a person other than an employee is assaulted he may sue for all consequential damages, including compensation for pain and suffering, but that under the exclusive remedy provision of Labor Code section 3601, an employee assaulted by a fellow employee is limited to seeking workers' compensation benefits against his employer, plaintiff contends "The constitutional principle of equal protection is violated where workers as a class are deprived of a right without any rational basis." This contention is not meritorious.

"Article I, sections 11 and 21 of the California Constitution guarantee to every person that '[a]ll laws of a general nature shall have a uniform operation' and that '[no] citizen, or class of citizens, [shall] be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens'; the Fourteenth Amendment of the United States Constitution frames a similar commitment, mandating that no state may 'deny to any person within its jurisdiction the equal protection of the laws.' ■ This principle of 'equal protection' preserved by both state and federal Constitutions, of course, 'does not preclude the state from drawing any distinctions between different groups of individuals' (*In re King* (1970) 3 Cal.3d 226, 232 [90 Cal.Rptr. 15, 474 P.2d 983]), but it does require that, at a minimum, 'persons similarly situated with respect to

the legitimate purpose of the law receive like treatment.' (*Purdy & Fitzpatrick* v. *State of California* (1969) 71 Cal.2d 566, 578 [79 Cal.Rptr. 77, 456 P.2d 645, 38 A.L.R.3d 1194]; *Darcy* v. *Mayor etc. of San Jose* (1894) 104 Cal. 642, 645-646 [38 P. 500].)" (*Brown* v. *Merlo,* 8 Cal.3d 855, 861 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505].) "The traditional test has been that the 'distinction drawn by a challenged statute must bear some rational relationship to a legitimate state end and will be set aside as violative of the Equal Protection Clause only if based on reasons totally unrelated to the pursuit of that goal.' (*McDonald* v. *Board of Election Comrs.* (1969) 394 U.S. 802, 809 [22 L.Ed.2d 739, 745-746, 89 S.Ct. 1404].)" (*In re Antazo,* 3 Cal.3d 100, 110 [89 Cal.Rptr. 255, 473 P.2d 999].)

■ The limitation upon an employee's right to recover from his employer damages for pain and suffering is rationally related to a legitimate governmental interest. As stated in *Nelson* v. *Metalclad Insulation Corp., supra,* 44 Cal.App.3d at pages 477-478: "They [workers' compensation laws] do not . . . violate the right of equal protection under the law; they are a definite break with and provide substantially different rights and obligations between employees and employer than those provided by common law except as provided in [Lab. Code] section 3706; these laws are enacted on the theory that the state has a compelling governmental interest in providing that an employer or industry should assume liability for industrial injuries . . . ; they have been enacted not alone to insure an equitable relationship between employee and employer, but to inspire and foster health, peace, morals and good order in all employer-employee relationships and to promote the general welfare of the people."

*Due Process of Law*

■ Finally plaintiff contends that depriving workers of the common law right to bring an action for damages for negligence violates the federal constitutional guarantee of due process of law. Not so.

Plaintiff has been deprived of no "right." "The rules of the common law defining the rights and obligations of persons holding various mutual relations are not necessarily expressions of fixed and immutable principles, inherent in the nature of things. 'A person has no property, no vested interest, in any rule of the common law. That is only one of the forms of municipal law, and is no more sacred than any other. Rights of

property which have been created by the common law cannot be taken away without due process; but the law itself, as a rule of conduct, may be changed at the will . . . of the legislature, unless prevented by constitutional limitations. Indeed, the great office of statutes is to remedy defects in the common law as they are developed, and to adapt it to the changes of time and circumstance.' " (*Western Indemnity Co.* v. *Pillsbury, supra,* 170 Cal. at p. 696; *Lowman* v. *Stafford, supra,* 226 Cal.App.2d at pp. 38-39.)

The contention that the limitation in Labor Code section 3601 upon an employee's right to sue his fellow worker constitutes a denial of due process of law, a contention essentially similar to that made in the case at bench, was made and rejected in *Lowman* v. *Stafford, supra,* 226 Cal.App.2d at pp. 35-39.

Affirmed.

Tamura, Acting P. J., and Morris, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 5, 1977.