[Civ. No. 12112.   Second Appellate District, Division One.—November 22, 1940.]

ERNEST J. BUTTNER, Appellant, v. AMERICAN BELL TELEPHONE COMPANY (a Corporation) et al., Respondents.

A. Brigham Rose for Appellant.

Lawler, Felix & Hall and John W. Holmes for Respondents.

DORAN, J.—This is an appeal from a judgment dismissing an action on motion of defendants because of plaintiff's failure to amend his complaint after demurrer thereto was sustained with ten days leave to amend.

Plaintiff's complaint contains two counts, one for damages for injuries sustained by plaintiff as the result of an alleged deceit practiced upon him by defendants and the other for recovery of compensation alleged to have been agreed to be paid to plaintiff by defendants for work, labor and services performed.

According to the complaint, the deceit for which damages are sought consisted in the defendants (respondents here) having misrepresented to plaintiff (appellant) the nature of carbon tetrachloride, which substance was used by appellant in his work in the employ of respondents, respondents having suggested in fact that said substance was harmless, whereas it is a highly dangerous fluid, and as a result of respondents thus misleading appellant, appellant suffered certain injuries while using the carbon tetrachloride in his work. The complaint alleges that at all times mentioned therein appellant was employed by respondents.

To this complaint respondents interposed a demurrer on the grounds that the first count thereof failed to state a cause of action, that the court had no jurisdiction of the subject matter of said count, that said count was uncertain, ambiguous and unintelligible, and that the causes of action in said complaint were improperly joined. Appellant declined to avail himself of the opportunity afforded him to amend his complaint after the demurrer was sustained and judgment of dismissal was thereafter entered as above mentioned.

The order sustaining the demurrer did not specify the grounds on which it was based. Since appellant did not avail himself of the opportunity to amend his complaint, if the demurrer was properly sustainable on any of the grounds therein set forth the judgment of dismissal herein should be affirmed.

Appellant raises but one question here, namely, whether the provisions of article XX, section 21, of the California Constitution, creating the Industrial Accident Commission, "bar an individual who has formerly been in the employ of the defendant, from bringing any action in the superior court, regardless of the nature of the action". The question thus attempted to be raised, properly stated, is whether, in view of the said constitutional provisions and those of the Workmen's Compensation Act (now embodied in the Labor Code), the superior court has jurisdiction over a cause of action such as that alleged in appellant's first count in his complaint herein. As seen above, this is one of the questions raised by respondents' demurrer.

There can be no question that said cause of action is one for damages for personal injuries. It also affirmatively appears that the injuries sustained arose out of and in the course of appellant's employment by respondents. The distinction attempted to be drawn by appellant between this case and the ordinary workmen's compensation case is that here appellant bases his cause of action upon the alleged deceit of respondents in misrepresenting the nature of a substance used by appellant while in respondents' employ. In other words, the proximate cause of appellant's injuries is stated to be a willful act of his employer.

It appears that appellant's injuries were sustained prior to the enactment of the pertinent provisions of the Labor Code and at a time when the Workmen's Compensation Act was in force. Section 21 of article XX of the California Constitution gives to the legislature plenary power to create and enforce a complete system of workmen's compensation, by appropriate legislation. To that end the legislature enacted the provisions of the Workmen's Compensation Act, now contained in the Labor Code. (Stats. 1917, p. 831, as amended; Act 4749, Deering's General Laws 1937; now contained in Division IV of the Labor Code.) Under those provisions the Industrial Accident Commission of the state is given exclusive jurisdiction over matters of compensation for any injury arising out of employment, such as that of appellant here. It is not claimed that appellant's employment was of a type excluded by such provisions, and while it appears that respondents are all part of the "Bell System" of telephone service, it does not appear, nor is it claimed that appellant

was engaged in work in interstate commerce, but on the contrary, it affirmatively appears from the complaint that appellant was employed at work in the county of Los Angeles, State of California. The exclusive jurisdiction of the Industrial Accident Commission over such claims as that presented by appellant's first cause of action is well settled, and a demurrer on the ground, among others, that the court had no jurisdiction of the subject matter of the action was properly sustained. (*Burton* v. *Union Oil Co.*, 129 Cal. App. 438 [19 Pac. (2d) 9]. See, also, *Alaska Packers Assn.* v. *Industrial Accident Com.*, 200 Cal. 579, 583 [253 Pac. 926], citing *De Carli* v. *Associated Oil Co.*, 57 Cal. App. 310 [207 Pac. 282]; *Fitzpatrick* v. *Fidelity & Casualty Co.*, 7 Cal. (2d) 230, 233 [60 Pac. (2d) 276]; *Tipton* v. *Atchison, T. & S. F. R. Co.*, 298 U. S. 141, 154 [56 Sup. Ct. 715, 80 L. Ed. 1091, 104 A. L. R. 831].)

██ The fact that appellant founds his cause of action upon the deceit allegedly practiced by respondents is immaterial. It cannot be disputed that the jurisdiction of the Industrial Accident Commission prevails regardless of the cause of the accident or injury. Compensation for injuries caused by the serious and willful misconduct of the employer is expressly provided for in section 6 of Workmen's Compensation Act, now section 4553 of the Labor Code. It is clear that section 21 of article XX of the Constitution and the legislation enacted pursuant thereto are intended to include all injuries incurred in the course of employment, irrespective of the manner in which they might occur. (*Sarber* v. *Aetna Life Ins. Co.*, 23 Fed. (2d) 434.)

It should be noted that the Sarber case, *supra*, concerned an action in damages for deceit on the part of the employer's insurance company in concealing from plaintiff the fact that a fragment of steel had not been removed from his leg following an accident in the course of his employment. A demurrer was interposed on the ground of the lack of jurisdiction of the court over the subject matter, which demurrer was sustained. Plaintiff was an employee within the contemplation and under the provisions of the California Workmen's Compensation Act, and the Federal Circuit Court of Appeals for the Ninth Circuit upheld the ruling on the demurrer on the ground of the exclusive jurisdiction of the Industrial Accident Commission over such matters, even

where disability has been aggravated by the intervening negligence or carelessness of the employer's physician. It follows that if negligence or carelessness which aggravates the injury does not affect the jurisdiction of the commission, then the willful misconduct or other act which caused the injury is likewise unimportant in that respect. The Sarber case is directly in point here, and should be controlling if further authority were needed.

It should be pointed out that the relationship between appellant and respondents at the time of the commencement of the action is also immaterial since the controlling factor is the relationship of appellant and respondents at the time the injuries were sustained. Moreover, appellant's contention that he had a right as a citizen to avail himself of any independent action for deceit, statutory or otherwise, is untenable in so far as compensation for injuries is concerned since any such right has been curtailed by the legislature in the exercise of the police power of the state through the above mentioned provisions of the Workmen's Compensation Act, the constitutionality of which is too well settled to bear further consideration here. (See cases cited at page 435 of *Sarber* v. *Aetna Ins. Co., supra.*)

Appellant does not argue, nor does it appear from the complaint, that his action is one for exemplary damages. From all that appears on the face of the complaint appellant seeks compensation for his injuries; there is no allegation as to punitive or exemplary damages, and none are prayed for. The question of jurisdiction over an action for exemplary damages for the alleged deceit does not arise in the instant case. For a discussion of this question see *E. Clemens Horst Co.* v. *Industrial Acc. Com.,* 184 Cal. 180, 192, 193 [193 Pac. 105, 16 A. L. R. 611].

Since the demurrer was properly sustained on the ground above discussed it is not necessary to consider the further grounds, although an examination of the complaint reveals it to have been defective in other respects reached by the demurrer.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.