[Civ. No. 42387. First Dist., Div. Four. May 19, 1978.]

FRANK WRIGHT, Plaintiff and Appellant, v.
FMC CORPORATION, Defendant and Respondent.

**COUNSEL**

Bryce C. Anderson and George W. Kilbourne for Plaintiff and Appellant.

Hanna, Brophy, MacLean, McAleer & Jensen and Michael G. Lowe for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—Frank Wright appeals from a judgment by which the court dismissed, upon demurrer, his first amended complaint against FMC Corporation.

■ Appellant had attempted to plead causes of action against respondent for damage suffered by appellant while mixing chemicals in the preparation of pesticides. Respondent brought before the court through judicial notice the fact that appellant had sought workers' compensation recovery from respondent as his employer for the same injury.

Appellant points out that he alleged in his first amended complaint that respondent knew that appellant's job involved contact with noxious chemicals but concealed and misrepresented the hazard to induce appellant to accept employment. He contends that this allegation should be held to avoid the provisions of Labor Code sections 3600 and 3601, which generally make workers' compensation the exclusive remedy for injuries "[w]here the conditions of compensation exist." (Lab. Code, § 3601.) The contention must be rejected. "The fact that appellant founds his [case] upon the deceit allegedly practiced by [the employer] is immaterial." (*Buttner* v. *American Bell Tel. Co.* (1940) 41 Cal.App.2d 581, 584 [107 P.2d 439].) Here there was no allegation of a dual role on the part of the employer such as could subject the employer to additional liability. The present case is thus to be distinguished from *Ramey* v. *General Petroleum Corp.* (1959) 173 Cal.App.2d 386 [343 P.2d 787], and other dual-role cases cited by appellant.

■ Contrary to another contention of appellant, the exclusive-remedy provisions of the workers' compensation statute do not violate equal protection. (*Benjamin* v. *Ricks* (1976) 63 Cal.App.3d 593 [132 Cal.Rptr. 758].)

The judgment is affirmed.

Caldecott, P. J., and Paik, J.,* concurred.

A petition for a rehearing was denied June 13, 1978, and appellant's petition for a hearing by the Supreme Court was denied July 27, 1978.

---

*Assigned by the Chairperson of the Judicial Council.