[Civ. No. 52311. Second Dist., Div. Four. Jan. 9, 1979.]

GLORIA MEYER, Plaintiff and Appellant, v.
GRAPHIC ARTS INTERNATIONAL UNION,
LOCAL NO. 63-A, 63-B, Defendant and Respondent.

**COUNSEL**

Fred G. Glantz and Craig A. Smith for Plaintiff and Appellant.

Gary W. Sawtelle and Sam L. Lebonitz for Defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—Appellant, an employee of Graphic Arts International Union, Local No. 63-A, 63-B (hereinafter Union), sued the Union and certain of its agents and officers for assault, battery, false imprisonment and rape. By her first amended complaint, she alleged that, on April 14, 1976, she was, by George Smith and others, during business hours, "attacked, beat, struck, assaulted . . . by approaching [her] and threatening to forcibly kiss and embrace [her] and forcibly kissing and embracing [her]." She alleged that, after these events, she personally contacted officers of the Union, seeking to have Smith punished for his conduct but that the officers declined to discipline, censure, criticize, suspend or discharge Smith.

She further alleged that, on April 22, 1976, she was raped by Smith and that complaint to the officers of the Union was similarly unavailing. She also alleged a third attack on May 21, 1976, again without action by the Union officers on her third complaint. Similarly, as to the three occasions, she alleges false imprisonment and failure of the Union officers to discipline Smith.

The demurrer of the Union to that complaint was sustained without leave to amend and she has appealed. We reverse.

The question before us is whether the trial court erred in sustaining the demurrer to the first amended complaint without leave to amend.

The primary issue before this court is whether the trial court erred in its view that appellant's sole and exclusive remedy lies with the Workers' Compensation Appeals Board, as in *Benjamin* v. *Ricks* (1976) 63 Cal.App.3d 593 [132 Cal.Rptr. 758]. Appellant argues that, until an award of workers' compensation is made and satisfied, or until judgment is recovered in a civil suit for damages, appellant's remedies are cumulative or at least alternative. Appellant relies on *Magliulo* v. *Superior Court* (1975) 47 Cal.App.3d 760 [121 Cal.Rptr. 621], as support for the proposition that an injured employee may sue her employer in a civil suit for damages where the employee has been assaulted intentionally by the employer, at least until an award of workers' compensation benefits is made and satisfied.

■ We conclude that, under the rationale of *Magliulo,* plaintiff has stated a cause of action. In discussing the theory that permits a civil action, the court in *Magliulo* said (at pp. 767-768):

"A noted commentator has stated the applicable rules as follows: 'Intentional injury inflicted by the employer in person on his employee may be made the subject of a common-law action for damages on the theory that, in such an action, the employer will not be heard to say that his intentional act was an "accidental" injury and so under the exclusive provisions of the compensation act . . .' [citations]."

In paragraph 6 of her first cause of action (incorporated by reference in the other causes of action), plaintiff alleges: "Plaintiff is informed and believes and upon such information and belief alleges that, at all times herein mentioned, defendants, GEORGE EMERY SMITH and DOES II through 39, inclusive, were the agents and employees of their co-defendants, and, in doing the things hereinafter mentioned, were acting within the scope of such agency and employment."

That is an allegation of actual agency, sufficient to withstand a general demurrer. Thus the only issue actually before us on this record is whether an employer is liable in a civil action for an assault on an employee where the assault is committed by the employer's agent, acting for the employer, even though the assault is not (as in *Magliulo*) committed by the employer in person. We conclude that he is. Under the facts here

alleged, namely, that the employees acted as the agent of the employer within the scope of their agency, an employer may be held liable in a civil action.

On demurrer, it is not the function of a trial court, or of this court, to speculate on the ability of a plaintiff to support, at trial, allegations well pleaded. Plaintiff here is entitled to an order overruling the Union's demurrer.

The judgment is reversed.

Files, P. J., and Jefferson (Bernard), J., concurred.

On January 29, 1979, the opinion was modified to read as printed above.