[No. B006467. Second Dist., Div. Four. Dec. 21, 1984.]

ROBERT WILLIAM HALLIMAN et al., Plaintiffs and Appellants, v. LOS ANGELES UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

**COUNSEL**

Anson & Milberg and Jonathan Milberg for Plaintiffs and Appellants.

Quimby & Kohrs, Frederick C. Quimby, Jr., and Herbert F. Blanck for Defendant and Respondent.

## OPINION

**ARGUELLES, J.**—In this appeal from a judgment favoring a school district, we are called upon to determine whether workers' compensation is the exclusive remedy for a teacher's injuries caused by a student's unprovoked assault while the teacher is acting within the scope of his employment.

Robert William Halliman and Joy Halliman, plaintiffs in a personal injury and loss of consortium action, appeal the order of dismissal following the granting of a motion for summary judgment. We affirm.

### FACTS

Robert William Halliman and his wife, Joy, (plaintiffs) filed a complaint for damages on March 15, 1983, against Louis Rodriguez, Aurelio Rodriguez, Maria Rodriguez, and the Los Angeles Unified School District (defendant).[1] The complaint alleged, among other things, that: (1) on November 4, 1982, plaintiff Robert William Halliman was employed as a teacher by defendant at Milliken Junior High School; (2) "Plaintiff's injuries resulted from an incident which occurred on or about November 4, 1982, during school hours" and on school premises, when Louis Rodriguez, a student, intentionally threw a rock that hit the plaintiff teacher on the head; and (3) the student's violent conduct occurred while he was under the supervision and control of defendant.

The complaint further alleged defendant's liability as follows: "25. At all times mentioned herein, defendants LOS ANGELES UNIFIED SCHOOL DISTRICT and DOES 1 through 100, and each of them, negligently supervised the activity of LOUIS RODRIGUEZ in that LOUIS RODRIGUEZ had committed previous assaults on school grounds (including an assault earlier that very day) of which defendants LOS ANGELES UNIFIED SCHOOL DISTRICT and DOES 1 through 100 were fully aware, but that these defendants did nothing to prevent repetitive assaults by this minor student. Defendants, and each of them, had the power and ability to prevent this student's conduct by appropriate disciplinary action and other control measures, but deliberately refused to take adequate preventive action and ignored their duty to protect other students and teachers (including plaintiff).

---

[1]The Rodriguez defendants are not parties to this appeal.

" . . . . . . . . . . . . . . . . . . . . .

"29. Pursuant to § 28, subdivision (c) of Article I of the California Constitution, defendants had a duty to protect the 'inalienable right' of public school staff members 'to campuses which are safe, secure and peaceful.' Plaintiff, as a teacher, was within the zone of protection of the constitution provision and defendants thus owed a duty to plaintiff to protect his right to enjoy a safe, secure campus.

"30. Defendants, and each of them, breached the duty when, knowing the dangerous propensities and assaultive behavior of student LOUIS RODRIGUEZ, they did nothing to protect plaintiff and other staff members' safety and failed to guard against future assaults by LOUIS RODRIGUEZ."

These alleged theories were the bases of the plaintiffs' damages claims for the teacher's injury and his wife's loss of consortium.

On August 17, 1983, defendant filed a summary judgment motion as to all causes of action alleged against it. Defendant based its motion on the ground that plaintiff teacher was its employee and was acting in the course and scope of that employment; therefore, pursuant to Labor Code section 3601, plaintiffs' exclusive remedy for damages against defendant was the workers' compensation laws.[2] Included as an exhibit to defendant's motion was a copy of an application form for adjudication of claim under the workers' compensation laws, completed and purportedly signed by plaintiff teacher on January 10, 1983.

The court granted defendant's summary judgment motion on September 14, 1983, and entered its dismissal order on September 21, 1983. This appeal followed.

### DISCUSSION

■ "Preliminarily, we note that in reviewing the propriety of a summary judgment, this court must resolve all doubts in favor of the party opposing

---

[2]Labor Code section 3601 provides in relevant part: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is, except as specifically provided in this section, the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment, except that an employee, or his or her dependents in the event of his or her death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against the other employee, as if this division did not apply, in either of the following cases: [¶] (1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of the other employee. [¶] (2) When the injury or death is proximately caused by the intoxication of the other employee."

the judgment. [Citation.] . . . However, the opposing party 'cannot rely on his pleadings, but must make an independent showing that he has "sufficient proof of the matters alleged to raise an issuable question of fact"' if the moving party's evidence, standing alone, is sufficient to entitle him or her to judgment. [Citation.]" (*Kallen* v. *Delug* (1984) 157 Cal.App.3d 940, 948 [203 Cal.Rptr. 879].) "A defendant, however, can, in addition to his declaration, rely upon an allegation of the complaint and there is no need that a defendant's declaration repeat matters already asserted in the complaint. [Citations.]" (*Brown* v. *City of Fremont* (1977) 75 Cal.App.3d 141, 146 [142 Cal.Rptr. 46].)

 In its declaration supporting the motion for summary judgment, defendant states "by the provisions of the complaint itself, it is quite clear that at the time of the accident sued upon herein, plaintiff Robert William Halliman was an employee (teacher) of defendant Los Angeles Unified School District and that the accident occurred on school premises, during school hours and while said plaintiff was acting in the course and scope of his employment." On these alleged facts, defendant continues, plaintiffs' exclusive remedy is under the workers' compensation laws. We agree.

 Plaintiffs properly acknowledge the rule, recently reaffirmed by this court, that "Where the complaint affirmatively alleges facts indicating coverage by the workers' compensation laws, if it fails to state additional facts negating application of the exclusive remedy provision, no civil action will lie and the complaint is subject to a general demurrer. [Citations.]" (*Roberts* v. *Pup 'N' Taco Driveup* (1984) 160 Cal.App.3d 278, 284 [206 Cal.Rptr. 533].)

The same rule applies to summary judgment when the issue is a purely legal question of whether, under uncontested facts, an alleged cause of action can provide the requested relief. We find here, as we did in *Roberts* v. *Pup 'N' Taco Driveup, supra,* 160 Cal.App.3d 278, that plaintiffs have failed to state facts negating application of the exclusive remedy provision of the workers' compensation laws in their complaint. (*Ibid.*) We further find that the declarations of Robert William Halliman and his attorney filed in opposition to defendant's motion concede the applicability of the workers' compensation laws without showing facts negating application of the exclusive remedy provision.

We disagree with plaintiffs' contention that *Meyer* v. *Graphic Arts International Union* (1979) 88 Cal.App.3d 176 [151 Cal.Rptr. 597], is dispositive of the issue in their favor. As reflected in our discussion in *Roberts* v. *Pup 'N' Taco Driveup, supra,* 160 Cal.App.3d at p. 283, *Meyer* involved injury by a coemployee of plaintiff, and there had been reported prior acts

of aggression by that person against the complaining employee followed by the employer's ratification or acquiescence in failing to discipline, censure, criticize, suspend or discharge the offending coemployee. Here, as defendant correctly points out, the assailant was not a coemployee but a student for whom the plaintiff teacher, among other employees at the school, was responsible. The record before us discloses no reports of prior assaults upon plaintiff teacher by the same student. Additionally, the student's school records indicated that he had, indeed, been previously suspended and otherwise disciplined for prior assaults.

In *Adler* v. *Los Angeles Unified School Dist.* (1979) 98 Cal.App.3d 280, 288 [159 Cal.Rptr. 528], though the case was decided on other grounds, the court presumed that where a teacher was injured in a classroom attack by a student, the available workers' compensation remedy barred a civil lawsuit for damages against the employer by virtue of Labor Code section 3601. Under the facts of this case, we so hold.

Plaintiffs argue that a student in this context is akin to an employer's agent or a coemployee who is "under the control" of the employer; and, therefore, the school district "employer" comes within the statutory exception to the exclusive remedy provisions of the workers' compensation laws for intentional acts of agents and coemployees. (Lab. Code, § 3601, subd. (a)(1); see fn. 2, *supra.*) But, teacher and student are not equals, standing shoulder to shoulder in the classroom or on the playground, with the same status, rights, duties, responsibilities, maturity, judgment, knowledge and skill. If an analogy is to be drawn, a more appropriate one would liken the student to raw material which must be wrought by the employee into a finished product.

Thus, we find it helpful in addressing plaintiff's contentions to refer to those cases where the alleged intentional misconduct of the employer does not go beyond failure to assure a safe working environment. The California Supreme Court, in *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 473-474 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758], reviewed cases where the employer concealed inherent dangers in the material its employees were required to handle, or made false representations in that regard, or allowed an employee to use a machine without proper instruction. Workers' compensation was held to be the exclusive remedy for any injuries thus suffered. The Supreme Court concluded that the workers' compensation laws provided "the sole remedy for additional compensation against an employer whose employee is injured in the first instance as the result of a deliberate failure to assure that the physical environment of the work place is safe." (*Id.,* at p. 474; *Roberts* v. *Pup 'N' Taco Drive-up, supra,* 160 Cal.App.3d at pp. 282-283, fn. 3.)

The facts of the present case do not justify a departure from such precedent.

Plaintiffs' reliance on California Constitution article I, section 28, as a basis for recovery is misplaced. Article I, section 28, subdivision (c) provides: "All students and staff of public primary, elementary, junior high and senior high schools have the inalienable right to attend campuses which are safe, secure and peaceful." As part of the "Victim's Bill of Rights," that provision concerns the "broad reforms in the procedural treatment of accused persons and the disposition and sentencing of convicted persons" sought in the state criminal justice system. (Cal. Const., art. I, § 28, subd. (a).) It does not purport to create any exception to the exclusive remedy provisions of the workers' compensation laws.

### DISPOSITION

The order of dismissal is affirmed.

Woods, P. J., and Kingsley, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 13, 1985. Bird, C. J., was of the opinion that the petition should be granted.