[No. B008295. Second Dist., Div. Two. Apr. 25, 1985.]

UNITED STATES BORAX & CHEMICAL CORPORATION,
Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DELFINA LUCERO et al., Real Parties in Interest.

COUNSEL

Schell & Delamer, Garrin J. Shaw, Jamoa A. Moberly and Susan G. Quintana for Petitioner.

No appearance for Respondent.

Robinson & Robinson and Kevin Calcagnie for Real Parties in Interest.

OPINION

**BEACH, J.—**

*Nature of Proceeding:*

This original mandamus proceeding raises a question of the exclusivity of the workers' compensation system. Because we find that statutory and case law authority compel the conclusion that plaintiffs' action at law is barred, we grant defendant's petition for a writ of mandate to compel the superior court to enter summary judgment on its behalf.

*Facts and Procedural Background:*

The lawsuit underlying this writ proceeding is essentially a wrongful death action brought by the wife and children of Profiro Lucero. Lucero was killed in an industrial accident involving a turbo while working for his employer, the United States Borax and Chemical Corporation [hereafter employer]. Additionally, decedent's brother, who also worked for employer, seeks damages for emotional distress based upon the claim that he witnessed the accident which resulted in his brother's death.

Insofar as plaintiffs sought recovery from employer, their complaint primarily consisted of two components. The first was an allegation of "dual capacity" which asserted that employer manufactured and/or altered the turbo which caused Lucero's death. (See, e.g., *Bell v. Industrial Vangas, Inc.* (1981) 30 Cal.3d 268 [179 Cal.Rptr. 30, 637 P.2d 266].) The second was a claim that employer had misrepresented to decedent that, in general, his working conditions would be safe and that, in specific, working around the turbo would not be dangerous.

Employer moved for summary judgment. To foreclose the claim of "dual capacity," employer included declarations which established that it had nei-

ther designed nor manufactured the turbo nor placed it in the stream of commerce. Although the hearing on the summary judgment motion was continued six months to permit plaintiffs to conduct discovery, plaintiffs offered absolutely no evidence to controvert employer's showing.

To rebut plaintiffs' claim that an action at law lies based upon an allegation of misrepresentation of safe working conditions, employer pointed out, with citation to relevant authority, that the workers' compensation system offered the exclusive remedy for plaintiffs. And at the hearing on the motion, employer informed the trial court that the case upon which plaintiffs so heavily relied to support this particular legal contention, *Childress* v. *Church's Fried Chicken,* formerly at 148 Cal.App.3d 925, had been ordered depublished by the California Supreme Court eight months prior.

Notwithstanding employer's showing, the trial court denied the motion. Its ruling states, in part: ". . . there is a triable issue of material fact as to whether defendant intentionally concealed the dangerous condition. If the trier of fact finds intentional concealment the cause of action is not barred by section 3601 of the Labor Code." Additionally, the ruling indicated, without any reference to the record, that the issue of "dual capacity" was disputed. This petition by employer followed. ██ ██ We granted an alternative writ because mandate is appropriate when a trial court's denial of a summary judgment motion is wrong as a matter of law.[1] (*Whitney's at the Beach* v. *Superior Court* (1970) 3 Cal.App.3d 258, 266 [83 Cal.Rptr. 237].)

*Discussion:*

Plaintiffs' claim of "dual capacity" is patently without merit. As it lacked any evidentiary support, employer was entitled to summary judgment as a matter of law. (*Wilson* v. *All Service Ins. Co.* (1979) 91 Cal.App.3d 793, 798 [153 Cal.Rptr. 121].) And in fact, in this writ proceeding, plaintiffs do not make any serious attempt to defend that aspect of the trial court's ruling.

 Equally without merit is plaintiffs' claim that employer is liable for misrepresenting the dangerousness of decedent's working conditions. ██

---

[1]Plaintiffs claim that the instant petition is not timely. We disagree. Code of Civil Procedure section 437c, subdivision (*l*) provides that a petition to contest a denial of a summary judgment motion is to be filed within 10 days after service of written notice of entry of the trial court's order. The hearing was on October 18; employer, pursuant to the trial court's order, mailed notice on November 6; and on November 9, employer filed the instant petition. The petition is timely. (Cf. *Sturm, Ruger & Co.* v. *Superior Court* (1985) 164 Cal.App.3d 579 [210 Cal.Rptr. 573].)

We begin with the well-settled proposition that if an employee's injuries are compensable under the Workers' Compensation Act, the right to recover benefits provided thereunder constitutes the exclusive remedy against the employer. (Labor Code, §§ 3600 and 3601.) ▪ Here, it is undisputed that the injuries which give rise to plaintiffs' present claim arose out of and in the course of decedent's employment by petitioner. Nonetheless, plaintiffs attempt to take this case out of the purview of the workers' compensation system by alleging that employer engaged in intentional deceit. We find plaintiffs' reasoning unpersuasive. A similar contention was rejected 45 years ago by the Court of Appeal in *Buttner* v. *American Bell Tel. Co.* (1940) 41 Cal.App.2d 581 [107 P.2d 439], wherein plaintiff urged that his allegation that employer had misrepresented the safety of a substance used by him in his work gave rise to an action at law. The appellate court concluded that the Legislature, in enacting the workers' compensation system, had intended to vest therein jurisdiction of all such work-related claims, notwithstanding pleading embellishments about fraud. (See also *Wright* v. *FMC Corp.* (1978) 81 Cal.App.3d 777, 779 [146 Cal.Rptr. 740], [hg. den.].)

Our Supreme Court recently had cause to pass on this point. It reaffirmed that *Buttner* is a correct statement of law and set forth the following rationale, with which we agree, for why an action such as that herein must be found to be barred by the exclusivity provisions of the workers' compensation system even when an employer allegedly engages in intentional deceit. ". . . [I]f an action at law were allowed as a remedy, many cases cognizable under workers' compensation would also be prosecuted outside that system. The focus of the inquiry in a case involving work-related injury would often be not whether the injury arose out of and in the course of employment, but the state of knowledge of the employer and the employee regarding the dangerous condition which caused the injury. Such a result would undermine the underlying premise upon which the workers' compensation system is based. That system balances the advantage to the employer of immunity from liability at law against the detriment of relatively swift and certain compensation payments. Conversely, while the employee receives expeditious compensation, he surrenders his right to a potentially larger recovery in a common law action for the negligence or willful misconduct of his employer. This balance would be significantly disturbed if we were to hold, as plaintiff urges, that any misconduct of an employer which may be characterized as intentional warrants an action at law for damages. [¶] It seems clear that [Labor Code] section 4553[2] is the sole

---

[2]Labor Code section 4553 provides: "The amount of compensation otherwise recoverable shall be increased one-half, together with costs and expenses not to exceed two hundred fifty

remedy for additional compensation against an employer whose employee is injured in the first instance as the result of a deliberate failure to assure that the physical environment of the work place is safe." (*Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 474 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758]; accord *Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 370-373 [184 Cal.Rptr. 560]; *Williams* v. *International Paper Co.* (1982) 129 Cal.App.3d 810, 816-819 [181 Cal.Rptr. 342].)

In view of these well-settled legal principles, the trial court's finding that there was a disputed issue of fact as to whether employer concealed a dangerous condition begged the question. For even if employer had done so, it would still not be liable in this action at law.

What is particularly disturbing about the trial court's ruling is that it appears to be part of a trend of refusing to recognize the exclusive jurisdiction of the Workers' Compensation Appeals Board. (See, e.g., this Division's opinions in *Hollywood Refrigeration Sales Co.* v. *Superior Court* (1985) 164 Cal.App.3d 754 [210 Cal.Rptr. 619]; *Argonaut Insurance Co.* v. *Superior Court* (1985) 164 Cal.App.3d 320 [210 Cal.Rptr. 417]; and *Fremont Indemnity Co.* v. *Superior Court* (1982) 133 Cal.App.3d 879 [184 Cal.Rptr. 184] [hg. den.].) In these days of ever shrinking judicial resources, the plaintiffs' bar would be well advised to heed these rules and to concentrate its energy on securing swift and simple compensation for the injured employee in the forum which has exclusive jurisdiction over the claims. Its continual efforts to make end-runs around the exclusivity provisions of the workers' compensation system would be more appropriately addressed to the Legislature in which is vested the plenary power to create and enforce the workers' compensation system. (Cal. Const., art. XIV, § 4.)[3]

*Disposition:*

The alternative writ, having served its purpose, is discharged. Let a peremptory writ of mandate issue compelling respondent court to set aside its

---

dollars ($250), where the employee is injured by reason of the serious and willful misconduct of any of the following: (a) The employer, or his managing representative. (b) If the employer is a partnership, on the part of one of the partners or a managing representative or general superintendent thereof. (c) If the employer is a corporation, on the part of an executive, managing officer, or general superintendent thereof."

[3]In this regard, it is interesting to note that the Legislature has limited the purviews of the judicially created doctrine of "dual capacity" by its 1982 amendment to Labor Code section 3602. (See *Perry* v. *Heavenly Valley* (1985) 163 Cal.App.3d 495 [209 Cal.Rptr. 771].)

order of October 18, 1984, denying petitioners' motion for summary judgment and to enter a new and different order granting said motion.

Compton, Acting P. J., and Gates, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied July 10, 1985.