[No. D004042. Fourth Dist., Div. One. Jan. 28, 1987.]

ANDREA SPRATLEY, Plaintiff and Appellant, v.
WINCHELL DONUT HOUSE, INC., Defendant and Respondent.

**Counsel**

Nissenberg & Nissenberg and David N. Nissenberg for Plaintiff and Appellant.

Kinkle, Rodiger & Spriggs and Jefferi Hamilton for Defendant and Respondent.

**OPINION**

**KREMER, P. J.**—The superior court sustained without leave to amend defendant Winchell Donut House, Inc.'s demurrer to plaintiff Andrea Spratley's first amended complaint for fraud and bad faith. The court entered judgment dismissing the lawsuit. Spratley appeals. We affirm the judgment of dismissal.

I

Spratley's first amended complaint's purported cause of action for fraud alleged: Spratley told Winchell she did not wish to accept employment with Winchell because she feared working alone at night as a baker at Winchell's shop where a burglary had recently occurred. To induce Spratley to enter into an employment contract with Winchell, Winchell's agent falsely and fraudulently told Spratley all locks at the shop had been changed after the burglary, only current employees of the shop had keys to the shop and Winchell would arrange for sheriff's deputies to provide continuous security for Spratley while she worked alone at night. About a month later while working alone at Winchell's shop in the early morning hours, Spratley was physically attacked by a person who was not a Winchell employee and who used a key to enter through a locked door. The intruder broke Spratley's skull and jaw and knocked her unconscious. Contrary to Winchell's representations, the locks on only one of the four shop doors had been changed after the earlier burglary and Winchell did not know who had keys to the shop. Further, Winchell asked sheriff's deputies to cruise by the shop, which was done for a few weeks but then ceased; when Spratley asked Winchell to arrange renewed coverage, Winchell's agent said Winchell would take care of it but Winchell failed to do so. Winchell made such representations knowing they were false or without reasonable grounds to believe they were true. Winchell concealed from Spratley the fact not all locks had been changed. Winchell said it was doing everything possible to assure Spratley's safety. Spratley would not have entered the employment contract with Winchell had she known the concealed facts and the falsity of Winchell's representations. Winchell made the promises without intending to perform them. Winchell's fraud induced Spratley to enter an employment contract with Winchell and give up opportunities to work elsewhere at a greater salary under better working conditions. Spratley also incurred mental pain and

suffering and emotional distress. Spratley was entitled to $1 million punitive damages.

Spratley's first amended complaint's purported cause of action for bad faith incorporated the allegations of her purported cause of action for fraud and further alleged: Winchell breached the implied covenant of good faith and fair dealing in the parties' employment relationship by fraudulently inducing Spratley to enter into the employment contract and concealing material facts, by failing to provide her the promised security and allowing her to work alone at night in a recently burglarized shop, and by failing to change the locks on all doors as promised and represented. Winchell's breach jeopardized Spratley's life, health and safety.

Spratley's first amended complaint sought judgment for compensatory damages according to proof, damages for mental pain and suffering and emotional distress according to proof and $1 million punitive damages.

## II

Winchell demurred to Spratley's first amended complaint on the ground it failed to state facts sufficient to constitute a cause of action. Winchell asserted the court had no subject matter jurisdiction because workers' compensation was Spratley's exclusive remedy. (Lab. Code,[1] § 3602.) After hearing, the court sustained Winchell's demurrer without leave to amend. The court found: "The first and second causes of action fail to state facts sufficient to constitute a cause of action against the demurring defendant; the court has no jurisdiction of the subject matter of plaintiff's first and second causes of action." The court entered judgment dismissing Spratley's lawsuit.

## III

Under workers' compensation an employer is liable for injuries to its employee arising out of and in the course of employment. (§ 3600.) Where the conditions of workers' compensation exist, the right to recover such compensation is the employee's exclusive remedy against the employer for such injuries. (§ 3602.)

An employer has the duty to provide its employees a safe place of employment. (§ 6400 et seq.) The workers' compensation act (§ 3200 et seq.) compensates employees for injuries arising out of unsafe work place conditions, including enhanced compensation under section 4553 in cases

---

[1] All statutory references are to the Labor Code unless otherwise specified.

involving serious and willful employer misconduct. (*Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 371 [184 Cal.Rptr. 560].) Workers' compensation is the sole remedy for an employee injured by the employer's failure to provide a safe workplace. (*Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 474-475 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758]; *Royster* v. *Montanez, supra,* at p. 371.)

 Spratley concedes workers' compensation was her exclusive remedy to recover damages for physical injuries occurring during her employment. However, Spratley contends the court erred in sustaining Winchell's demurrer to her cause of action for Winchell's fraudulently inducing her to accept employment. Spratley asserts workers' compensation is not the exclusive remedy for an employer's tort committed before the employment relationship began; she asserts the superior court should have allowed her a civil remedy for the fraud injury occurring before the employment relationship began and not arising out of the employment relationship.

Spratley's pleading essentially alleged that to induce her to accept employment Winchell fraudulently represented her workplace would be safe. Such allegation does not avoid the exclusivity provisions of the workers' compensation act. (*Wright* v. *FMC Corp.* (1978) 81 Cal.App.3d 777, 779 [146 Cal.Rptr. 740].) Further, Spratley first sustained injury resulting from Winchell's alleged fraud and discovered such alleged fraud only during the employment relationship and such injury arose out of and in the course of the employment relationship. (See generally, 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 680, p. 131; Code Civ. Proc., § 338, subd. 4.)

In *Wright* v. *FMC Corp., supra,* 81 Cal.App.3d 777, the superior court sustained without leave to amend an employer's demurrer to an employee's pleading alleging the employer knew the job involved contact with noxious chemicals but concealed and misrepresented the hazard to induce him to accept employment. On appeal the employee contended such allegation avoided the exclusivity provisions of the workers' compensation act. The appellate court rejected the employee's contention, finding the fact the employee based his case upon the employer's alleged deceit was immaterial.

Spratley contends *Wright* should not control here because, unlike the employee in *Wright,* she did not seek workers' compensation recovery from her employer for the injury asserted in her lawsuit. However, Spratley's contention is based upon an inaccurate characterization of *Wright.* The appellate court in *Wright* affirmed the sustaining of the demurrer not because the employee sought duplicate recovery but rather because section 3600 et seq. made workers' compensation the exclusive remedy. *Wright* controls here. The exclusive remedy provisions of the workers' compensation act bar

Spratley's purported cause of action against Winchell for fraudulent inducement.

In *Wright* v. *FMC Corp., supra,* 81 Cal.App.3d 777, the employee alleged the employer concealed dangers inherent in materials used in his work. In *Buttner* v. *American Bell Tel. Co.* (1940) 41 Cal.App.2d 581 [107 P.2d 439], the employee alleged the employer falsely represented material used in his work was safe. In *Williams* v. *International Paper Co.* (1982) 129 Cal.App.3d 810 [181 Cal.Rptr. 342], the employee alleged the employer intentionally failed to correct hazardous working conditions despite knowing an injurious explosion was substantially certain to occur. In *United States Borax & Chemical Corp.* v. *Superior Court* (1985) 167 Cal.App.3d 406 [213 Cal.Rptr. 155], the plaintiffs alleged the employer intentionally misrepresented working conditions would be safe. In each case workers' compensation was held to be the exclusive remedy and the employer's intentional act did not justify an action at law. In discussing *Wright* and *Buttner,* the California Supreme Court wrote: "The reason for the foregoing rule seems obvious. It is not uncommon for an employer to 'put his mind' to the existence of a danger to an employee and nevertheless fail to take corrective action. [Citation.] In many of these cases, the employer does not warn the employee of the risk. Such conduct may be characterized as intentional or even deceitful. Yet if an action at law were allowed as a remedy, many cases cognizable under workers' compensation would also be prosecuted outside that system. The focus of the injury in a case involving work-related injury would often be not whether the injury arose out of and in the course of employment, but the state of knowledge of the employer and the employee regarding the dangerous condition which caused the injury. Such a result would undermine the underlying premise upon which the workers' compensation system is based. That system balances the advantage to the employer of immunity from liability at law against the detriment of relatively swift and certain compensation payments. Conversely, while the employee receives expeditious compensation, he surrenders his right to a potentially larger recovery in a common law action for the negligence or willful misconduct of his employer. This balance would be significantly disturbed if we were to hold, as plaintiff urges, that any misconduct of an employer which may be characterized as intentional warrants an action at law for damages. It seems clear that section 4553 is the sole remedy for additional compensation against an employer whose employee is injured in the first instance as the result of a deliberate failure to assure that the physical environment of the work place is safe." (*Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at p. 474.)

Spratley contends the court should have overruled Winchell's demurrer to her cause of action for fraudulent inducement because she sought damages

only for mental suffering and emotional distress and such damages are not recoverable under workers' compensation. ▇ However, the existence of an injury not compensable under workers' compensation does not without more abrogate the workers' compensation act's exclusive remedy provisions. (*Renteria* v. *County of Orange* (1978) 82 Cal.App.3d 833, 840 [147 Cal.Rptr. 447].) A failure of workers' compensation law to include an element of damages recoverable at common law is a legislative, not a judicial, problem. (*Williams* v. *State Compensation Ins. Fund* (1975) 50 Cal.App.3d 116, 122-123 [123 Cal.Rptr. 812].)

▇ Citing *Renteria* v. *County of Orange, supra,* 82 Cal.App.3d 833, Spratley contends she may properly seek recovery for damages for mental suffering and emotional distress resulting from Winchell's alleged intentional tort. However, *Renteria* involved only the narrow issue of "an employee's remedies for intentional infliction of emotional distress," a cause of action not asserted here. (*Id.* at p. 838.)

In *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at page 476, the California Supreme Court noted " . . . a trend toward allowing an action at law for injuries suffered in the employment if the employer acts deliberately for the purpose of injuring the employee or if the harm resulting from the intentional misconduct consists of aggravation of an initial work-related injury. . . ." Neither of such situations is present here.

▇ An employer's intentional misconduct is actionable at law where the employee "acted deliberately with the specific intent to injure" the employee. (*Roberts* v. *Pup 'N' Taco Driveup* (1984) 160 Cal.App.3d 278, 282-283 [206 Cal.Rptr. 533]; *Williams* v. *International Paper Co., supra,* 129 Cal.App.3d at p. 819.) ▇ Spratley did not allege Winchell's misconduct was a deliberate act specifically intended to injure her. Instead, Winchell's alleged intentional misconduct did not go beyond its knowing failure to assure a safe workplace. Spratley's exclusive remedy for such alleged misconduct was workers' compensation. (*Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at pp. 474-475; *Halliman* v. *Los Angeles Unified School Dist.* (1984) 163 Cal.App.3d 46, 51-52 [209 Cal.Rptr. 175]; *Williams* v. *International Paper Co., supra,* at p. 819.)

Citing *O'Hara* v. *Western Seven Trees Corp.* (1977) 75 Cal.App.3d 798 [142 Cal.Rptr. 487], Spratley contends she adequately pleaded a cause of action for fraudulent inducement entitling her to recover damages for mental suffering and emotional distress plus punitive damages. In *O'Hara,* a landlord allegedly induced a prospective tenant to rent an apartment by falsely representing the premises as safe and secure. *O'Hara* does not apply here because it did not involve an employment relationship.

Our resolution is consistent with *Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148 [233 Cal.Rptr. 308, 729 P.2d 743]. There, the Supreme Court rejected a claim an action for intentional infliction of emotional distress could be maintained arising from conduct normal to the workplace when the resulting disability was compensable under workers' compensation.

The court distinguished cases discussing alleged intentional misconduct closely associated with normal conduct in the workplace and those concerning misconduct remotely related, if at all, to the workplace. In the former category, in which workers' compensation is the sole remedy, fall cases in which the employer " ' . . . concealed the dangers inherent in the material the employees were required to handle (*Wright* v. *FMC Corp.* (1978) 81 Cal.App.3d 777, 779 [146 Cal.Rptr. 740]) or made false representations in that regard (*Buttner* v. *American Bell Tel. Co.* (1940) 41 Cal.App.2d 581, 584 [107 P.2d 439]). . . .' " (*Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148, 157.) The latter category, in which a separate tort action may be maintained, includes cases of assault by an employer and conspiracy with a third party to conceal the fact the injured employee has a tort claim against the third party. (*Id.* at pp. 158-159.)

The court explained: "The cases that have permitted recovery in tort for intentional misconduct causing disability have involved conduct of an employer having a 'questionable' relationship to the employment, an injury which did not occur while the employee was performing service incidental to the employment and which would not be viewed as a risk of the employment, or conduct where the employer or insurer stepped out of their proper roles. [Citations.] Such circumstances are not alleged in the complaint before us." (*Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d at p. 161.) Nor are they here. Spratley alleges misrepresentations regarding working conditions, an injury during that work and no conduct by the employer outside the role of employer.

The reasoning of *Cole* is pertinent. Citing *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d 465, the court said claims for workplace intentional misconduct were properly barred since " '. . . if an action at law were allowed as a remedy, many cases cognizable under workers' compensation would also be prosecuted outside that system. The focus of the inquiry in a case involving work-related injury would often be not whether the injury arose out of and in the course of employment, but the state of knowledge of the employer and the employee regarding the dangerous condition which caused the injury. Such a result would undermine the underlying premise upon which the workers' compensations system is based. . . .' " (*Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d at p. 158.)

So here. Were we to hold this complaint states a claim in tort, an employee who is injured and suffers emotional distress due to an unknown or concealed hazard in the workplace could avoid the workers' compensation bar simply by alleging the employer misrepresented or fraudulently concealed the hazard during the hiring process. Such a result, as well, would invite a multiplicity of claims, focus attention on the knowledge of employer and employee and undermine the underlying premise on which the workers' compensation system is based.

The superior court properly sustained without leave to amend Winchell's demurrer to Spratley's purported cause of action for fraudulent inducement.

## IV

Spratley's cause of action for bad faith incorporated the allegations of her cause of action for fraudulent inducement and further alleged Winchell breached the implied covenant of good faith and fair dealing in the parties' employment relationship by fraudulently inducing her to enter into the employment contract and concealing material facts, by failing to provide her the promised security and allowing her to work alone at night in a recently burglarized shop, and by failing to change the locks on all doors as promised and represented. The court sustained without leave to amend Winchell's demurrer to Spratley's purported cause of action for bad faith on the ground workers' compensation was Spratley's exclusive remedy.

██ Spratley contends the court should have overruled Winchell's demurrer, asserting she adequately pleaded a cause of action for tortious breach of the implied covenant of good faith and fair dealing. Citing *Wallis* v. *Superior Court* (1984) 160 Cal.App.3d 1109, 1118 [207 Cal.Rptr. 123], Spratley contends elements necessary for a tortious breach of contract were present here because the parties had unequal bargaining power, her motivation in entering the contract was not profit but rather peace of mind and workplace security and safety, ordinary contract damages would not compensate her totally or hold Winchell fully accountable, she was especially vulnerable and placed trust in Winchell to perform, and Winchell was aware of her vulnerability. In light of these circumstances, Spratley asserts Winchell acted unreasonably in breaching the contract and should be liable in tort. However, the court properly sustained Winchell's demurrer to Spratley's purported cause of action for bad faith.

Spratley's reliance on *Wallis* is unavailing. *Wallis* involved a dispute about an employer's terminating postemployment payments to an employee, similar to a situation surrounding a disability insurance contract where an insurer has a duty not to withhold payments to an insured unreasonably. (*Id.*

at p. 1119.) *Wallis* did not involve defense based upon the exclusive remedy provisions of the workers' compensation act.

Spratley may not avoid the workers' compensation act's exclusive remedy provisions simply by recharacterizing Winchell's alleged fraud as tortious breach of the implied covenant of good faith and fair dealing. Spratley's pleading alleged Winchell made misrepresentations, concealed facts and breached promises involving the safety of the workplace. Regardless how Spratley may have chosen to denote her purported causes of action, she essentially sought damages for Winchell's intentional failure to provide a safe workplace despite its promises, representations and knowledge of potential dangers. Spratley's exclusive remedy for such alleged misconduct was workers' compensation. (*Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at pp. 474-475; *United States Borax & Chemical Corp.* v. *Superior Court, supra,* 167 Cal.App.3d 406; *Halliman* v. *Los Angeles Unified School Dist., supra,* 163 Cal.App.3d at pp. 51-52; *Royster* v. *Montanez, supra,* 134 Cal.App.3d at p. 371; *Williams* v. *International Paper Co., supra,* 129 Cal.App.3d at p. 819; *Wright* v. *FMC Corp., supra,* 81 Cal.App.3d at p. 779; *Buttner* v. *American Bell Tel. Co., supra,* 41 Cal.App.2d 581.)

The court properly sustained without leave to amend Winchell's demurrer to Spratley's first amended complaint.

The court correctly dismissed Spratley's lawsuit against Winchell.

DISPOSITION

The judgment of dismissal is affirmed.

Lewis, J., concurred.

**WORK, J.,** Concurring and Dissenting.—Although I agree Spratley's purported cause of action for breach of the covenant of good faith and fair dealing, as pleaded, is barred by the exclusivity provisions of Labor Code[1] section 3602, I find the majority's analysis of her claim for fraudulent inducement to contract both factually and legally skewed. I would reverse the judgment of dismissal as to the fraud cause of action and remand for further proceedings.

Contrary to the majority's assertion, the pivotal issue is not when the injury occurred, but whether the wrongful *conduct* from which the injury flowed occurred in the workplace *and* is of the type that is normally expected

---

[1]All statutory references are to the Labor Code unless otherwise specified.

to occur there. (*Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148 [233 Cal.Rptr. 308, 729 P.2d 743].)

In *Cole,* the Supreme Court distinguishes between those cases in which the employer was charged with intentionally failing to warn of dangers inherent in the employment or to provide a safe workplace, and those where the employer's intentional conduct was specifically designed to injure or defraud an employee. (*Id.* at pp. 158-159, quoting *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 474-475 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].) The case the majority cites as controlling here, *Wright* v. *FMC Corp.* (1978) 81 Cal.App.3d 777 [146 Cal.Rptr. 740], was characterized as falling within the first category by the Supreme Court. (See *Johns-Manville Products Corp.* v. *Superior Court, supra,* at p. 474.) In *Johns-Manville,* fraud occurring *during* the employment relationship was found to be not barred by the exclusivity provisions of the workers' compensation act *even though the judicial action was filed concurrently with a workers' compensation claim.*[2] Plaintiff's complaint asked compensatory and punitive damages for the fraudulent acts and concealments by the employer allegedly intended to induce employee to *continue* to work in a dangerous environment. Although the acts and concealments occurred during the employment relationship and at the workplace, the employer's conduct was deemed so blameworthy and the societal interest in deterring similar future conduct so great, there was justification for awarding punitive damages in an action of law.

I

There are two causes of action in Spratley's first amended complaint. The first charges fraudulent conduct by Winchell which *preceded* the creation of the employment relationship, although Spratley did not discover the falsity of Winchell's representation until after the employment commenced. The injuries for which she seeks redress are the "mental pain and suffering and emotional distress" flowing from the realization she had been defrauded, the loss of the salary differential which she would have received had she not been gulled into accepting Winchell's offer and punitive damages to sanction Winchell's fraudulent conduct. These injuries flow from conduct occurring before the employment was created. They cannot be construed as being based on conduct normally occurring *in* the workplace and a cause of action would lie even had Spratley never suffered physical injury. Here, both the tort and the injuries for which damages are claimed are independent of acts which occurred *after* the employment commenced. Further, the exemplary

---

[2]Any double recovery was deemed avoidable by appropriate offsets. (*Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at pp. 478-479.) Here, there would be none.

damages, if appropriate, have nothing to do with what occurred during Spratley's employment. Clearly, she could not state a workers' compensation claim for any conduct *before* she became an employee.

In *Ramey* v. *General Petroleum Corp.* (1959) 173 Cal.App.2d 386 [343 P.2d 787], the court distinguished injuries relating to fraudulent conduct of an employer from physical injuries for which workers' compensation remedies were available. There, although the fraudulent conduct itself occurred during the term of the employment contract (a factor not present here), the emotional distress allegedly caused by fraudulent misrepresentation concerning legal rights and remedies for job-related injuries was not proximately caused by employment and did not arise out of and in the course of employment in the sense that the terms are used in Labor Code section 3600. (*Id.* at p. 401.) As pointed out in *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at page 476, *Ramey* held the Legislature never intended an employer's fraud was a risk of the employment, and therefore the injury from fraudulent concealment of causes of action do not occur while performing services growing out of or incidental to employment. Similarly, Spratley's first cause of action alleges emotional injuries arising out of conduct preceding the employment relationship and not arising out of the course of employment. Because each of the factors required for workers' compensation liability under section 3600 have not been established, the exclusivity provisions of section 3602 are not triggered and the applicable statutory rule is stated in section 3602, subdivision (c): "In all cases where the conditions of compensation set forth in Section 3600 do not concur, the liability of the employer shall be the same as if this division had not been enacted."[3]

## II

Spratley's second cause of action is for an alleged breach of the implied covenant of good faith and fair dealing. Such a covenant is implied in every contract. (*Seaman's Direct Buying Service, Inc.* v. *Standard Oil Co.* (1984) 36 Cal.3d 752, 768 [206 Cal.Rptr. 354, 686 P.2d 1158].) In employment contracts it has been used to redress wrongful discharges violating the obligation imposed by law that neither party will do anything which injures the right of the other to receive the benefits of an agreement. (See discussion in *Koehrer* v. *Superior Court* (1986) 181 Cal.App.3d 1155, 1168-1170 [226 Cal.Rptr. 820].) Since the covenant of good faith and fair dealing does not exist independent of the agreement of which it is a part, conduct which precedes the creation of a contract, by definition, cannot breach that covenant. Thus, when Spratley pleads the implied covenant was breached when

---

[3]Section 3602 was amended by Statutes 1982, chapter 922, section 6, page 3367.

Winchell "fraudulently induced [her] to enter into a contract of employment" she is stating a factual impossibility.

However, Spratley also alleges the covenant was breached when Winchell failed to provide the promised security and to change the locks on all doors, concealed these facts and told Spratley the locks had all been changed. However, these omissions and misrepresentations, as pleaded, all occurred before the contract of employment came into existence. The only misconduct she implies occurred during the term of the contract was that Winchell's manager falsely stated sheriff's patrols would be reinstated to enhance security. This act, although characterizable as intentional or even deceitful, suggests no more than that the employer may have acted with reckless disregard of probable injury to Spratley. Here, the distinction articulated in *Johns-Manville* is relevant. There, the court found the workers' compensation remedies to be exclusive in cases where employers concealed or falsely represented the true dangers in the workplace. (*Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at p. 474.) The statutory system was deemed not to exclude employer acts intended to injure the employee. (*Id.* at p. 476.) The distinction recognized in *Johns-Manville* was noted with approval in *Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148, which stated ". . . reckless disregard of the probability of injury should not warrant exemption from the exclusive remedy provisions of the Labor Code." (*Id.* at p. 159.) It is significant Spratley does not allege Winchell's misrepresentations were intended to cause her injury. In the absence of factual allegations in that regard, Spratley cannot escape the exclusivity of her statutory remedy for conduct occurring during the term of the employment contract. Thus, the court properly sustained Winchell's demurrer to Spratley's second cause of action.